KELLY v RICHMOND

Docket No. 90211. Submitted October 16, 1986, at Lansing. Decided December 15, 1986. Leave to appeal applied for.

Joan C. Kelly, personal representative of the estate of Jack R. Lipar, deceased, brought an action in the Wexford Circuit Court alleging that the defendants, Thomas F. Richmond, M.D., Medical Arts Group, P.C., Mercy Hospital of Cadillac, and others, committed medical malpractice by failing to properly diagnose the decedent's condition. The trial court, William R. Peterson, J., granted summary disposition to Thomas F. Richmond, M.D., Medical Arts Group, P.C., and Mercy Hospital of Cadillac based upon the fact that plaintiff's claim was barred by the applicable statute of limitations. Plaintiff appeals.

The Court of Appeals *held:*

1. The complaint was not filed within two years of the last date that the defendants treated the decedent.

2. The facts do not indicate that there was a belated discovery of plaintiff's claim. As a matter of law, the date of discovery of the alleged claim was more than six months prior to the filing of the instant complaint.

3. Plaintiff's action was not filed within the one-year grace period provided by MCL 600.5851; MSA 27A.5851; the statute, therefore, affords plaintiff no relief.

4. The trial court did not err in denying plaintiff's motion to amend her complaint. The trial court correctly concluded that the requested amendment would not alter the fact that plaintiff's claim was barred by the statute of limitations.

Affirmed.

1. NEGLIGENCE — MALPRACTICE — LIMITATION OF ACTIONS — BURDEN OF PROOF.

A plaintiff must bring an action for malpractice within two years

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 318-321.

Applicability, to negligence action against hospital, of statute of limitations applicable to malpractice and related actions against physicians, surgeons, or the like. 89 ALR2d 1180.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

of the last date the defendant provided treatment or within six months after the plaintiff discovers or should have discovered the existence of a claim; the plaintiff has the burden of proving that he neither discovered nor should have discovered the existence of the claim at least six months before the expiration of the period otherwise applicable to the claim (MCL 600.5805, 600.5838; MSA 27A.5805, 27A.5838).

2. NEGLIGENCE — MALPRACTICE — DISCOVERY OF CLAIM.

A plaintiff is held to have discovered the existence of a malpractice claim when (1) the act or omission of the defendant becomes known and (2) the plaintiff has reason to believe that medical treatment was improper or was performed in an improper manner.

*Bryan King,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Joel E. Krissoff* and *Jane E. Markey*), for Thomas F. Richmond, M.D., and Medical Arts Group, P.C.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *James D. Zazakis*), for Mercy Hospital of Cadillac.

Before: DANHOF, C.J., and BRONSON and T. GILLESPIE,* JJ

PER CURIAM. Joan C. Kelly, personal representative of the estate of Jack R. Lipar, deceased, appeals from a January 2, 1986, order by the Wexford Circuit Court granting summary disposition in favor of defendants Mercy Hospital of Cadillac, Thomas F. Richmond, M.D., and Medical Arts Group, P.C. In the complaint, plaintiff alleged that defendants committed medical malpractice by failing to properly diagnose the decedent's condition. Summary disposition was granted on the basis that the complaint was barred by the statute of limitations.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The facts are not in substantial dispute. On July 24, 1980, decedent was seen by a physician at a clinic in Cadillac operated by defendant Medical Arts Group, P.C.[1] The decedent was diagnosed as suffering from flu-like symptoms and was sent home.

Three days later, decedent came to the emergency room of Cadillac's Mercy Hospital, at which time he was admitted with a "provisional diagnosis of a flu-syndrome of muscle spasms." At Mercy Hospital, he was treated by defendant Richmond, his family physician. His condition rapidly deteriorated, and by the next day, July 28, 1980, decedent was in a comatose state. By that time, it was evident that the decedent was seriously ill. A subarachnoid hemorrhage or some sort of neurological emergency was suspected. On July 29, 1980, decedent was transferred to Butterworth Hospital in Grand Rapids. After that date, defendants provided no further treatment. At Butterworth Hospital, decedent underwent a tracheotomy and a craniotomy. However, he never regained consciousness and died on June 15, 1981.

On August 20, 1981, William M. Fagerman was appointed personal representative of decedent's estate. On July 15, 1983, the Wexford Probate Court suspended Fagerman's powers as fiduciary.[2] On September 29, 1983, plaintiff, Joan Kelly, was appointed as personal representative, succeeding Mr. Fagerman. On June 15, 1984, the instant complaint was filed.

On January 2, 1986, the circuit court entered an order of summary disposition in favor of defen-

[1] The identity of the physician was unknown at the time the instant complaint was filed.

[2] On the recommendation of the probate court, grievance proceedings were initiated against Fagerman for which he was later reprimanded.

dants, finding that plaintiff's complaint was barred by the statute of limitations. We affirm.[3]

In all actions brought under the wrongful death statute, MCL 600.2922; MSA 27A.2922, the limitation period is governed by the provision applicable to the liability theory of the underlying act. *Hawkins v Regional Medical Laboratories, PC*, 415 Mich 420, 436; 329 NW2d 729 (1982). Thus, to determine the proper limitation period in the instant case, we must look to MCL 600.5838; MSA 27A.5838 and MCL 600.5805; MSA 27A.5805, which apply to malpractice actions. Under these provisions, a plaintiff must bring an action for malpractice within two years of the last date the defendant provided treatment or within six months after plaintiff discovers or should have discovered the existence of a claim. It is undisputed that the last date defendants treated the decedent was July 29, 1980, and that the instant complaint was not filed within two years of that date. Thus, the crucial question is whether the plaintiff commenced the instant action within six months of the date she discovered or should have discovered the existence of her claim.

On appeal, plaintiff argues that the existence of a claim of malpractice was not discovered until May of 1984. Plaintiff states that at that time she gave the estate's attorney documents which she had inherited from the predecessor fiduciary. Upon examination of these documents, which included a doctor's report, laboratory reports and statements from two hospitals, the estate's attorney "sur-

---

[3] The trial court based its decision on several grounds. First, it concluded that the file was devoid of any factual showing which would toll the statute of limitations. It is essentially upon this basis that we affirm. We decline to address the trial court's rulings that only the patient may be a plaintiff under MCL 600.5838(2); MSA 27A.5838(2) and that the six-month discovery rule does not apply when a claim of malpractice is brought under the wrongful death statute.

mised" that the decedent's death might have resulted from malpractice.

A plaintiff is held to have discovered the existence of a malpractice claim when (1) the act or omission of the defendant becomes known *and* (2) when the plaintiff has reason to believe that medical treatment was improper or was performed in an improper manner. *Juravle v Ozdagler,* 149 Mich App 148; 385 NW2d 627 (1985). The plaintiff has the burden of proving that he or she neither discovered nor should have discovered the existence of the claim at least six months before the expiration of the period otherwise applicable to the claim. MCL 600.5838(2); MSA 27A.5838(2).

In the instant case, plaintiff has *not* alleged that the act or omission (the misdiagnosis) was unknown until 1984 or that there was no reason to believe that treatment (the original diagnosis) was improper until 1984. We believe that it was evident that the original diagnosis was wrong at least by July 29, 1980, by which date the decedent was comatose and transferred to Butterworth Hospital so that he could receive more specialized care.

Along these lines, plaintiff argues that even though the misdiagnosis was evident, the decedent was comatose and that the statute of limitations should be tolled based upon this disability. As authority, plaintiff relies upon *Amwake v Mercy-Memorial Hospital,* 92 Mich App 546; 285 NW2d 369 (1979). In *Amwake,* this Court applied MCL 600.5851; MSA 27A.5851 to a situation which involved a comatose patient. Subsection 1 of this section provides that if a person is under eighteen, insane, or imprisoned at the time a claim accrues, he or persons claiming under him have a one-year grace period to file an action after the disability is removed "through death or otherwise." While we agree that a comatose person could be construed

as "insane" under the definition set forth in subsection two of this section, the instant action was not filed within the one-year grace period and thus MCL 600.5851; MSA 27A.5851 affords plaintiff no relief.

As stated above, we do not think the facts of this case indicate that there was a belated discovery of plaintiff's claim. Rather, the scenario which plaintiff has presented merely indicates that plaintiff did not realize until May of 1984 either that a legal right had been invaded or that the claim was worth pursuing. Such a showing is insufficient to establish that the claim was just recently discovered. *Patterson v Estate of Flick,* 69 Mich App 101, 104; 244 NW2d 371 (1976), lv gtd 399 Mich 838 (1977), app dis 401 Mich 821 (1977). See also, *Jackson v Vincent,* 97 Mich App 568, 575-576; 296 NW2d 104 (1980). Moreover, we note that even if we were to accept plaintiff's argument, the documents from which plaintiff concluded that a claim of malpractice might exist were originally in the possession of the first fiduciary and thus it would appear that the malpractice claim could have been and should have been discovered during the tenure of the first fiduciary.

Next, plaintiff asserts in one sentence in her appellate brief that the running of the period of limitation should be tolled during the time that the first fiduciary served on the basis that the first fiduciary was incompetent. However, plaintiff has not supported this assertion with either citation to authority or by presenting any reasons why we should reach such a conclusion. Moreover, the issue was not raised below. For these reasons, and in light of the serious policy implications, we hold that the issue has not been preserved for appeal and we decline to address it. *Bajis v Dearborn,* 151

Mich App 533, 536; 391 NW2d 401 (1986); *In re Futch,* 144 Mich App 163, 166; 375 NW2d 375 (1984).

In sum, having accepted plaintiff's allegations as true, we conclude as a matter of law that the date of discovery of the alleged claim was more than six months prior to the filing of the instant complaint. *Szatkowski v Isser,* 151 Mich App 264, 268; 390 NW2d 668 (1986).

Finally, plaintiff argues that the circuit court abused its discretion by refusing to allow plaintiff to amend her complaint. Plaintiff stated below that she desired to amend the complaint in order to add as a defendant the doctor who treated the decedent on his first visit to the clinic and whose identity had just recently been discovered. The trial court correctly concluded that such an amendment would not alter the fact that plaintiff's claim was barred by the statute of limitations. Denial of the motion was not error.

Affirmed.

BRONSON, J., did not participate.