LEVINSON v SKLAR

Docket No. 108510. Submitted June 6, 1989, at Lansing. Decided August 30, 1989.

Betty Levinson was treated by Manuel Sklar, M.D., an internist, from 1975 through 1984. She saw Martin B. Trotsky, M.D., an ear, nose, and throat specialist, on August 29, 1980. She was also treated by James D. Stroud, M.D., and Oscar D. Schwartz, M.D., at Associates in Dermatology, P.C., from September, 1975, through June 7, 1983, for skin lesions and hair loss. On October 31, 1985, Levinson was diagnosed as having a brain tumor. She underwent surgery and was discharged from the hospital on December 23, 1985. On September 30, 1986, Levinson and her husband, Milton Levinson, filed a medical malpractice action against Dr. Sklar, Woodland Medical Group, Inc., Drs. Trotsky, Stroud, and Schwartz, and Associates in Dermatology, P.C., in Oakland Circuit Court. The court, James S. Thorburn, J., dismissed the claims against defendants Trotsky, Stroud, Schwartz, and Associates in Dermatology as being barred by the statute of limitations and dismissed the claims against defendants Sklar and Woodland Medical Group after refusing to allow plaintiffs to change expert witnesses. Plaintiffs appealed.

The Court of Appeals *held:*

1. Plaintiffs, relying on the rule that a malpractice action must be brought within six months after the claim is discovered or should have been discovered, argued that because of the effect of the brain surgery, i.e., bilateral cerebral dysfunction characterized by loss of cognitive function and severe deterioration of both short-term memory and potential for new learning, Mrs. Levinson could not have discovered her malpractice claim before July, 1986. Because a factual dispute existed regarding when discovery of plaintiffs' cause of action occurred or reason-

REFERENCES

Am Jur 2d, Limitation of Actions § 144; Physicians, Surgeons, and Other Healers §§ 316, 319-321, 362; Summary Judgment §§ 16, 18.

When statute of limitation commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

ably should have occurred, summary disposition on the basis of the statute of limitations was improper. The court should have either decided the statute of limitations issue as a preliminary question, with an evidentiary hearing and opinion with full findings of fact and conclusions of law, or had the jury decide the issue. Plaintiffs were given neither a jury trial on the issue nor an evidentiary hearing to establish when the claim should have been discovered. The decision dismissing the claims against defendants Trotsky, Stroud, Schwartz, and Associates in Dermatology is reversed and the matter is remanded for an evidentiary hearing or trial.

2. The statutory provision tolling the statute of limitations where a condition such as mental derangement exists at the time the claim accrues does not serve to delay the expiration of the period of limitations applicable to the claims against defendants Trotsky, Stroud, Schwartz, and Associates in Dermatology. Mrs. Levinson's alleged traumatic insanity occurred, at the earliest, after the termination of her professional relationship with the defendants.

3. The trial court abused its discretion in refusing to allow plaintiffs to change expert witnesses. Although plaintiffs' request to change witnesses came within two months of the original trial date, substitution would not have resulted in prejudice to defendants Sklar and Woodland. The original expert witness had not yet been deposed, and there would not necessarily be an effect on the mediation recommendation, since the testimony of the original expert witness had not been available to the mediators. Plaintiffs' claim against defendants Sklar and Woodland should not have been dismissed.

Reversed and remanded for further proceedings.

1. LIMITATION OF ACTIONS — SUMMARY DISPOSITION — PLEADING — ISSUES OF MATERIAL FACT.

Affidavits, pleadings, depositions, admissions and documentary evidence then filed or submitted by the parties must be considered when a motion for summary disposition is made on the basis that the action is barred by the statute of limitations; where there is a material factual dispute raised by such documents, summary disposition is improper (MCR 2.116[C][7], 2.116[G][5]).

2. LIMITATION OF ACTIONS — STATUTES OF LIMITATION — SUMMARY DISPOSITION — JURY.

A factual dispute regarding when discovery of a cause of action occurred or reasonably should have occurred, for purposes of a statute of limitations in a case where a jury trial has been

demanded and a motion for summary disposition based on the expiration of a period of limitations was made, may, at the option of the trial court, be decided by a jury or by the trial judge as a preliminary question; if the judge treats it as a preliminary question, there must be an evidentiary hearing and opinion with full findings of fact and conclusions of law.

3. LIMITATION OF ACTIONS — STATUTES OF LIMITATION — TOLLING — MENTAL DERANGEMENT.

A condition such as mental derangement will toll the statute of limitations provided the disability exists at the time the claim accrues (MCL 600.5851; MSA 27A.5851).

4. WITNESSES — EXPERT WITNESSES — SUBSTITUTION OF EXPERT WITNESSES.

There was an abuse of discretion in a trial court's decision not to allow a plaintiff to substitute one doctor for another as an expert witness where, although the request came within two months of the original trial date, the substitution would not have resulted in prejudice to the defendants because the original expert witness had not yet been deposed and there would not necessarily have been an effect on the mediation recommendation since the original expert's testimony had not been available to the mediators.

*James Leonard Elsman,* for plaintiffs.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Raymond W. Morganti*), for Manuel Sklar, M.D., and Woodland Medical Group, Inc.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Dennis J. Mendis*), for Martin B. Trotsky, M.D.

*Buesser, Buesser, Blank, Lynch, Fryhoff & Graham* (by *Neil K. Disney*), for James D. Stroud, M.D., Oscar D. Schwartz, M.D., and Associates in Dermatology, P.C.

Before: DANHOF, C.J., and HOOD and MARILYN KELLY, JJ.

PER CURIAM. Plaintiffs appeal as of right from the circuit court's orders dismissing their medical

malpractice action against defendants. The claims against defendants Drs. Trotsky, Stroud, and Schwartz, and against Associates in Dermatology were found barred because of the statute of limitations. MCR 2.116(C)(7). The claims against Dr. Sklar and Woodland Medical Group were dismissed after the court granted their motion to strike plaintiffs' supplemental witness list naming a new expert. Plaintiffs appeal from both summary disposition orders. We reverse.

Dr. Sklar was Betty Levinson's internist. He treated her from 1975 through 1984. Mrs. Levinson saw Dr. Trotsky, an ear, nose and throat specialist, on August 29, 1980. She complained of a severe ringing in her ears. Mrs. Levinson also treated at Dermatology Associates from September, 1975, through June 7, 1983, for skin lesions and hair loss. There, she saw Drs. Stroud and Schwartz.

Mrs. Levinson's brain tumor was first diagnosed on October 31, 1985. She had surgery three weeks later and was discharged from the hospital on December 23, 1985. In late July, 1986, Mrs. Levinson's daughter-in-law suggested that she contact an attorney to investigate possible malpractice. Betty and her husband, Milton, saw an attorney on August 14. They filed their original complaint on September 30, 1986.

On appeal, plaintiffs allege that the trial court erred in dismissing their claims against Drs. Trotsky, Stroud and Schwartz based on the statute of limitations. They argue there was a genuine issue of fact concerning when Mrs. Levinson discovered or should have discovered her claim.

A malpractice action must be brought within two years of the accrual date or within six months after the plaintiff discovers or should have discov-

ered the existence of the claim. MCL 600.5805(4); MSA 27A.5805(4), MCL 600.5838; MSA 27A.5838.

Plaintiffs did not file their claim within the two-year period. They rely on the six-month discovery rule. In response to the motion for summary disposition, they filed an affidavit from a neuropsychologist, Dr. Bast. Dr. Bast stated that Mrs. Levinson was suffering from bilateral cerebral dysfunction characterized by loss of cognitive function, severe deterioration of both short-term memory and potential for new learning. Plaintiffs argued that, because of the effects on her of the brain surgery, Mrs. Levinson could not have discovered her malpractice claim before July, 1986.

When a motion is submitted under MCR 2.116(C)(7), the court must consider any affidavits, pleadings, depositions, admissions and documentary evidence then filed or submitted by the parties. MCR 2.116(G)(5). Where a material factual question is raised by the documents, summary disposition under this subrule is improper. *Hazelton v Lustig,* 164 Mich App 164, 167; 416 NW2d 373 (1987).

There is a conflict among panels of this Court regarding whether a statute of limitations issue must be decided by a jury or by the judge as a preliminary question. See *Blana v Spezia,* 155 Mich App 348; 399 NW2d 511 (1986); *Leyson v Krause,* 92 Mich App 759, 764-765; 285 NW2d 451 (1979). Therefore the trial court has a choice. If the judge treats it as a preliminary question, there must be an evidentiary hearing and opinion with full findings of fact and conclusions of law. *Palenkas v William Beaumont Hospital,* 162 Mich App 271, 284-285; 412 NW2d 709 (1987), issue not addressed 432 Mich 527; 443 NW2d 354 (1989).

Plaintiffs' documents established a material factual question: What effect did Mrs. Levinson's

mental condition have on the date she first acquired the ability to formulate a belief that her medical treatment has been improper? *Wakefield v Hills,* 173 Mich App 215, 218; 433 NW2d 410 (1988). Plaintiffs were given neither a jury trial nor an evidentiary hearing to establish when the claim should have been discovered. For that reason, we reverse the decision dismissing the claims against Drs. Trotsky, Stroud, and Schwartz and against Associates. The matter is remanded for an evidentiary hearing or trial.

Plaintiffs also argue that Mrs. Levinson's "traumatic insanity" tolled the statute of limitations during the time of her disability.

MCL 600.5851; MSA 27A.5851 provides that a condition such as mental derangement will toll the statute of limitations provided the disability exists at the time the claim accrues. A malpractice claim accrues at the time the health care provider discontinues serving the patient. MCL 600.5838; MSA 27A.5838.

In this case, plaintiffs allege that Mrs. Levinson's traumatic insanity occurred, at the earliest, on October 31, 1985. This was after the termination of her professional relationship with Drs. Trotsky, Stroud and Schwartz. Therefore, the statutory tolling provision did not serve to delay the expiration of the statute of limitations.

Lastly, plaintiffs contend that the court erred in striking their supplemental witness list. They claim there would have been no prejudicial impact on defendants by allowing a substituted expert, and therefore the counts against Dr. Sklar and Woodland Medical Group were improperly dismissed.

Plaintiffs originally identified Dr. Barbara Carruthers as their expert. Sometime after mediation, without leave of the court or stipulation by the

parties, plaintiffs filed a supplemental witness list identifying Dr. Roy Selby as their new expert witness. Dr. Sklar brought a motion to strike the supplemental witness list because Dr. Selby had been identified as a witness after the deadline for discovery. Plaintiffs argued there was no prejudice to defendants in the substitution of Dr. Selby for Dr. Carruthers, as defendants had not yet deposed Dr. Carruthers. The judge denied the substitution, concluding it would destroy the effect of mediation. He granted the motion to strike the supplemental witness list and dismissed the claim.

A decision whether to allow a party to add an expert witness is within the discretion of the trial judge. *Butt v Giammariner,* 173 Mich App 319, 321; 433 NW2d 360 (1988). Although plaintiffs' request came within two months of the original trial date, it would not have resulted in prejudice to defendants Sklar and Woodland. The original expert witness had not yet been deposed. Further, there would not necessarily have been an effect on the mediation recommendation, since Dr. Carruthers' testimony had not been available to the mediators. We conclude that the trial judge abused his discretion in refusing to allow plaintiffs to substitute their expert witness. Therefore, plaintiffs' claim should not have been dismissed.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.