## LEVINSON v TROTSKY

Docket No. 130440. Submitted October 13, 1992, at Detroit. Decided April 5, 1993, at 9:35 A.M. Leave to appeal sought.

Betty and Milton Levinson brought an action in the Oakland Circuit Court against Martin B. Trotsky, M.D., and others, alleging medical malpractice in the treatment of Betty Levinson. The court, James S. Thorburn, J., granted summary disposition for Trotsky, ruling that the claim was barred by the statute of limitations, MCL 600.5838(2); MSA 27A.5838(2). The Court of Appeals, in an opinion per curiam, DANHOF, C.J., and HOOD and MARILYN KELLY, JJ., reversed and remanded, directing the trial court to hold an evidentiary hearing or a jury trial with respect to the question whether Betty Levinson discovered or should have discovered her malpractice claim more than six months before the action was filed. *Levinson v Sklar,* 181 Mich App 693 (1989). Following an evidentiary hearing, the trial court, Edward Sosnick, J., granted summary disposition for Trotsky, determining that a reasonable person would have discovered the claim more than six months before the action was filed. The plaintiffs appealed.

The Court of Appeals *held:*

1. The six-month discovery rule involves a two-part inquiry. The first is necessarily subjective because the answer to whether the plaintiff discovered the claim lies in the mind of the plaintiff. The second is an objective determination whether a reasonable person would have discovered the claim. In this case, the evidence indicated that a reasonable person would have discovered the claim approximately one year before the action was filed. The trial court, in applying the "reasonable person" test, did not err in disregarding Betty Levinson's subjective beliefs.

2. Although *Kermizian v Sumcad,* 188 Mich App 690 (1991), decided that the issue when a medical malpractice claim was or should have been discovered is a factual question for a jury, the doctrine of the law of the case precludes remanding this case for a jury trial in light of the prior decision to remand either for an evidentiary hearing or a jury trial.

Affirmed.

SHEPHERD, P.J., dissenting, stated that the judgment should
be reversed and the case remanded, because the reasonable
person test in any case involves an evaluation of the conduct of
a reasonable person in the plaintiff's circumstances, and the
trial court in this case misapplied the test by failing to consider
Betty Levinson's circumstances, including her emotional state
during the pertinent period.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — STATUTE OF
        LIMITATIONS — DISCOVERY RULE.

The question whether an action for medical malpractice was
brought within six months of when the plaintiff should have
discovered the claim involves a determination whether a rea-
sonable person would have discovered the claim within that
period (MCL 600.5838[2]; MSA 27A.5838[2]).

*James Leonard Elsman,* for the plaintiffs.

*Feikens, Foster, Vander Male & DeNardis, P.C.*
(by *Bruce A. Vande Vusse*), for the defendant.

Before: SHEPHERD, P.J., and WEAVER and TAY-
LOR, JJ.

TAYLOR, J. Plaintiffs appeal as of right the trial
court's grant of summary disposition under MCR
2.116(C)(7) to defendant based on a determination
that plaintiffs' claims were barred by the statute
of limitations, MCL 600.5838(2); MSA 27A.5838(2).[1]
We affirm.

This Court was previously presented with this
case in *Levinson v Sklar,* 181 Mich App 693; 449
NW2d 682 (1989), where a panel of this Court
remanded for either a jury trial or an evidentiary
hearing, at the trial court's option, to determine
whether plaintiff Betty Levinson (hereinafter
plaintiff) discovered or should have discovered her

---

[1] Suit was filed in this case one month before the effective date of
§ 5838a of the Revised Judicature Act, MCL 600.5838a; MSA
27A.5838(1), which now governs medical malpractice claims. The
provisions of § 5838 rather than § 5838a have been applied through-
out.

medical malpractice claim more than six months before the complaint was filed. An evidentiary hearing was held, and the trial court initially determined that plaintiff's discovery of the action fell within the six-month period and so was not barred by the statute of limitations. On rehearing, however, the trial court decided that it had improperly applied the subjective standard in reaching that conclusion, and reversed its earlier decision.

First, we disagree with plaintiffs' claim that the trial court abused its discretion by granting defendant's motion for rehearing. MCR 2.119(F)(3); *Smith v Sinai Hosp of Detroit,* 152 Mich App 716, 722-723; 394 NW2d 82 (1986).

Second, we disagree with plaintiffs' contention that the trial court improperly applied an objective standard in resolving the six-month discovery issue. The express language of the statute of limitations makes this inquiry two-faceted: the court must determine whether plaintiff commenced the action within six months after (1) she discovered or (2) should have discovered the existence of the claim, whichever was earlier. The standard to be applied to the first prong is necessarily subjective, i.e., the answer to this question lies in the mind of plaintiff: did *she* discover the claim? However, the standard to be applied to the second prong of the question is objective, i.e., would a *reasonable person* in plaintiff's circumstances have discovered the claim? The disposition of this case hinges on the answer to the second part of the question.

In this regard, the trial court properly concluded that a reasonable person would have realized that defendant had failed to diagnose her earlier, and would have had reason to believe that his treatment of her was in some way improper. *Kermizian v Sumcad,* 188 Mich App 690, 694; 470 NW2d 500

(1991). Plaintiff's subjective beliefs do not change the fact that she *had reason to know* of her claim approximately one year before actually filing suit, whether she actually *knew* or not.

We decline to make plaintiff's subjective beliefs part and parcel of this objective standard as plaintiff would prefer, because doing so would result in a subjective standard and not an objective "reasonable person" standard. The testimony of plaintiff's husband was particularly relevant to the second prong of the inquiry, and therefore it was properly considered by the trial court.

Finally, although the *Kermizian* Court held that the issue of when a claim was or should have been discovered is a factual one to be decided by a jury, and that holding is binding,[2] we must conclude that the doctrine of law of the case prevents our remanding for a jury trial in this case as plaintiff requests in light of the original panel's disposition of the issue. See *Levinson, supra,* 181 Mich 697. *Marysville v Pate, Hirn & Bogue, Inc,* 196 Mich App 32, 34; 492 NW2d 481 (1992).

Affirmed.

WEAVER, J., concurred.

SHEPHERD, P.J. *(dissenting).* I respectfully dissent because the trial court failed to take plaintiff's mental condition into account in determining when a reasonable person in plaintiff's circumstances should have known of the claim.

I agree with the majority opinion that an objective "reasonable person" standard implies that the person whose conduct is being evaluated is a reasonable person in plaintiff's circumstances. It is

---

[2] See Administrative Order No. 1990-6, 436 Mich lxxxiv, Mich Ct R, p A 1-47, continued in effect Administrative Order No. 1992-8, 441 Mich lii, Mich Ct R, p A 1-63.

not a theoretical fictional reasonable person who does not exist in this case. For example, it is my view that if plaintiff were so emotionally overcome by her experience that she was psychologically incapable of processing the information available to her, such a condition should be taken into account by the trial court in evaluating whether plaintiff knew or should have known of a cause of action. Using such an analysis would not result in a subjective test. Rather, the trier of fact would have to determine not simply whether plaintiff subjectively knew or felt she had a cause of action, but whether a person in plaintiff's circumstances knew or should have known of the existence of the claim. A subjective test would simply ask whether in fact this plaintiff knew of the claim. Under an objective reasonable person standard, the court must ask whether a person in circumstances such as the plaintiff could reasonably be unaware of the existence of a claim.

Just as we would not impose upon an actual party with a broken leg the obligation to take certain action on the basis of what a reasonable person without a broken leg could do, so also we should not impose upon a party with a severe psychological disability the obligation of behaving in a manner that is consistent with a reasonable person without such a disability. If a plaintiff were to be rendered totally incapable of processing information by reason of brain damage, we would not say that such a person had the obligation of coming to the same kind of rational conclusion as one without brain damage. In this case, allegations were made that the plaintiff became so psychologically overcome by her condition that she was unable to make a proper judgment. The trial court refused to take plaintiff's condition into account and this, I believe, constitutes serious error com-

mitted by the trial court. I do not wish to imply that I am finding that the plaintiff's condition was so severe as to render her incapable of making a judgment. I am simply saying that whether her condition was so severe is a question that the trial court should have resolved.

MCL 600.5838(2); MSA 27A.5838(2) provides in relevant part:

> [A]n action involving a claim based on malpractice may be commenced at any time . . . within 6 months after the plaintiff discovers or should have discovered the existence of the claim.

In applying this six-month discovery rule for an action involving a claim based on malpractice, MCL 600.5838(2); MSA 27A.5838(2), this Court has stated:

> "A plaintiff is held to have discovered the existence of a malpractice claim when: (1) the act or omission of the defendant becomes known and (2) the plaintiff has reason to believe that medical treatment was improper or was performed in an improper fashion." [Citations omitted.]
>
>       \*    \*    \*
>
> "Once it is shown that the two-pronged test mentioned above has been met, the court may conclude as a matter of law that plaintiff discovered or should have discovered the asserted malpractice and grant defendants' motion for summary disposition. The trial court's findings will not be reversed unless clearly erroneous." [Citations omitted. *Stapleton v Wyandotte,* 177 Mich App 339, 347; 441 NW2d 90 (1989).]

Given the statutory language, it is clear that determining whether a plaintiff should have discovered the asserted malpractice claim involves the application of a reasonable person standard,

not a subjective person standard. To the extent that previous panels of this Court have indicated otherwise, they were in error. Specifically, I repudiate the statement by this Court in *Antal v Porretta,* 165 Mich App 238, 242; 418 NW2d 395 (1987), and repeated in *Stapleton, supra,* p 350, that whether a plaintiff has reason to believe that treatment was improper "merely requires a subjective belief that a malpractice claim is possible." This is incorrect. If the matter simply turned on a plaintiff's subjective belief, then a plaintiff could be found to have "discovered" the existence of a malpractice claim, even if the subjective belief had no reasonable basis in fact.

Nevertheless, the reasonable person standard applicable to this issue must take into account the particular circumstances of the plaintiff. In *Schalm v Mt Clemens Gen Hosp,* 82 Mich App 669, 674; 267 NW2d 479 (1978), this Court correctly noted:

> Plaintiff's knowledge of his true condition is but one factor in evaluating the question of reasonableness of his efforts to discover the asserted malpractice. [Citations omitted.] Also relevant might be the plaintiff's mental state, assurances by medical personnel falling short of fraudulent concealment, and information received from others which show plaintiff was aware of the cause of action.

Thus, as plaintiff correctly argues, the question properly before the trial court in this case was whether a reasonable person *in plaintiff's circumstances* would have discovered the existence of the malpractice claim more than six months before she filed suit.

MCL 600.5838(2); MSA 27A.5838(2) provides:

> The burden of proving that the plaintiff neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff.

MCL 600.5838a(2); MSA 27A.5838(1)(2) similarly adds:

> The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition, or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff.

To carry the burden of proof, a plaintiff must show by a preponderance of the evidence that the claim was discovered or should have been discovered under the six-month discovery rule.

Although the trial court employed a reasonable person standard on reconsideration of the motion for summary disposition, it is evident to me that the court did not correctly apply it. The reasonable person standard applicable here is a reasonable person in plaintiff's situation. In applying a reasonable person objective standard, the trial court decided whether a reasonable person, independently of plaintiff's particular circumstances, would have discovered the existence of the malpractice claim. This was error. Because the error was not harmless, we should reverse and remand

for a new determination applying the correct legal standard.[1]

In writing to reverse, I am not suggesting that the trial court reached the wrong result but only that the legal standard was wrongly applied in determining this question. Further, contrary to plaintiffs' assertion, I am in agreement with the majority that the testimony of plaintiff's husband is clearly relevant because it concerns information allegedly received by plaintiff to show that she was aware of the cause of action. Whether additional testimony is also required should be left to the sound discretion of the trial court on remand.

In remanding the case to the trial court to determine under the correct legal standard when plaintiff discovered or should have discovered her malpractice claim, I too reject plaintiffs' argument that this is a jury issue in light of this Court's recent decision in *Kermizian v Sumcad,* 188 Mich App 690; 470 NW2d 500 (1991). In *Kermizian,* a panel of this Court held that the issue of when a plaintiff discovered or should have discovered an asserted malpractice claim must be decided by a jury. Although *Kermizian* is now binding on all subsequent panels unless reversed or modified by the Michigan Supreme Court, pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv, continued in effect by Administrative Order No. 1992-8, 441 Mich lii, I note that this identical issue was previously addressed in *Levinson v Sklar,* 181

---

[1] Although this is the fourth time the trial court would be called upon to decide the issue whether plaintiff discovered or should have discovered her cause of action before the expiration of the statute of limitations period, I expressly decline to apply the applicable reasonable person standard and decide the issue de novo. That is not our function. Rather, it is the function of the trial court in this instance to apply the correct legal standards and to make findings of fact. Those findings of fact will not be reversed by this Court unless clearly erroneous. *Stapleton, supra,* p 347.

Mich App 693; 449 NW2d 682 (1989). Under the "law of the case" doctrine, a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue, notwithstanding intervening changes in the law. *Blake v Consolidated Rail Corp,* 176 Mich App 506, 516; 439 NW2d 914 (1989).

I would reverse and remand for further proceedings consistent with this dissenting opinion.