POFFENBARGER v KAPLAN

Docket No. 189266. Submitted January 8, 1997, at Detroit. Decided May 30, 1997, at 9:15 A.M.

Linda Poffenbarger, individually and as personal representative of the estate of Francis Poffenbarger, deceased, brought a wrongful death action in the Macomb Circuit Court against Howard M. Kaplan, M.D., Detroit-Macomb Hospital Corporation, and others, seeking damages for the defendants' alleged medical malpractice. The court, Mary A. Chrzanowski, J., granted summary disposition for Dr. Kaplan and Detroit-Macomb Hospital Corporation, finding the action against those defendants barred by the statute of limitations. The plaintiff appealed from that order.

The Court of Appeals *held*:

1. The trial court correctly determined that the three-year limitation period mentioned in the wrongful death savings provision of MCL 600.5852; MSA 27A.5852 does not begin to run after the six-month statutory discovery period provided in MCL 600.5838a; MSA 27A.5838(1).

2. The plaintiff's claim against the appellees accrued on May 8 or 9, 1989. Unless one of the exceptions to the limitation period outlined in MCL 600.5851; MSA 27A.5851 to MCL 600.5856; MSA 27A.5856 applies to a plaintiff's claim, a medical malpractice action must be brought within two years of the accrual date, or within six months of discovering the claim, whichever is later.

3. The savings provision in MCL 600.5852; MSA 27A.5852 is applicable to the plaintiff's cause of action. That provision allowed the plaintiff a three-year grace period in which to file her complaint against the appellees. Because the plaintiff did not file her complaint against the appellees until May 19, 1994, which was more than three years from the expiration of the two-year limitation period, the plaintiff's claim was barred by the statute of limitations.

4. The plaintiff did not meet the burden of proof necessary for application of the six-month discovery period of MCL 600.5838a(2); MSA 27A.5838(1)(2). The facts call for the strict enforcement of the applicable statutes of limitation rather than the imposition of the common-law discovery rule.

Affirmed.

1. LIMITATION OF ACTIONS — WRONGFUL DEATH.

   The period of limitation applicable to a wrongful death action is governed by the statute of limitations applicable to the underlying claim.

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — ACCRUAL DATE.

   The accrual date of a medical malpractice claim is the date of the act or omission upon which the claim is based regardless of the date the plaintiff discovers or otherwise has knowledge of the claim (MCL 600.5838a[1]; MSA 27A.5838[1][1]).

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

   A medical malpractice action must be brought within two years of the accrual date, or within six months of discovering the claim, whichever is later, unless one of the exceptions outlined in MCL 600.5851; MSA 27A.5851 to MCL 600.5856; MSA 27A.5856 applies to the plaintiff's claim (MCL 600.5805, 600.5838a[2]; MSA 27A.5805, 27A.5838[1][2]).

4. LIMITATION OF ACTIONS — DEATH BEFORE PERIOD OF LIMITATION HAS RUN.

   If a person dies before the period of limitation has run or within thirty days after the period has run, an action that survives by law may be commenced by the personal representative of the deceased person within two years after letters of authority are issued although the period of limitation has run; however, the action may not be brought unless the personal representative commences it within three years after the period of limitation has run (MCL 600.5852; MSA 27A.5852).

5. LIMITATION OF ACTIONS — WRONGFUL DEATH — MEDICAL MALPRACTICE.

   A personal representative has three time frames in which to bring a wrongful death action based on medical malpractice: the action may be filed within the two-year general malpractice period of limitation; the action may be filed within two years after the personal representative is appointed as long as it is commenced within three years after the expiration of the general two-year malpractice period of limitation; the action may be filed within the statutory six-month discovery period; the three-year period mentioned in the second option does not commence after the six-month discovery period (MCL 600.5805[4], 600.5838a[2], 600.5852; MSA 27A.5805[4], 27A.5838[1][2], 27A.5852).

6. LIMITATION OF ACTIONS — DISCOVERY OF CAUSE OF ACTION.

   A plaintiff is deemed to have discovered a cause of action when the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, an injury and its possible cause; the plaintiff need only be aware of a possible cause of action, not that there

is a likely cause of action; once the plaintiff is aware of an injury and its possible cause, the plaintiff is equipped with the necessary knowledge to preserve and diligently pursue the claim.

7. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — DISCOVERY OF CLAIM.

The burden of proving that the plaintiff in a medical malpractice action, as a result of physical discomfort, appearance, condition, or otherwise, neither discovered nor should have discovered the existence of the claim at least six months before the expiration of the limitation period otherwise applicable to the claim is on the plaintiff; the discovery period applies to discovery of a possible claim, not the discovery of the defendant's identity (MCL 600.5838a[2]; MSA 27A.5838[1][2]).

*Stern & Associates* (by *Kenneth A. Stern, Terrance J. Cirocco,* and *Timothy S. Groustra*), for the plaintiff.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Steve N. Cheolas* and *Susan Healy Zitterman*), for Detroit-Macomb Hospital Corporation.

*O'Leary, O'Leary, Jacobs, Mattson, Perry & Mason, P.C.* (by *John P. Jacobs*), for Howard M. Kaplan, M.D.

Before: CAVANAGH, P.J., and GAGE and D. A. BURRESS*, JJ.

GAGE, J. In this action for wrongful death based on medical malpractice, plaintiff presents what appears to be an issue of first impression: whether the three-year period mentioned in the wrongful death savings provision of MCL 600.5852; MSA 27A.5852 commences after the six-month statutory discovery period provided for in MCL 600.5838a; MSA 27A.5838(1).[1] We

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The issue was raised in *Kelly v Richmond*, 156 Mich App 699, 702, n 3; 402 NW2d 73 (1986), but the panel declined to address the trial court's ruling that the statutory six-month discovery rule does not apply to

hold that it does not and affirm the circuit court's grants of summary disposition to defendants Dr. Howard Kaplan and Detroit-Macomb Hospital Corporation, doing business as Macomb Hospital Center, pursuant to MCR 2.116(C)(7).

In her amended complaint, plaintiff alleged that Dr. Kaplan and the other named defendant physicians collectively failed to diagnose lung cancer in her decedent. Decedent presented himself to Macomb Hospital Center's emergency room around May 5, 1989, complaining of abdominal pain. A chest x-ray performed on decedent that day revealed a right lung nodule, and he was admitted to the hospital under the care of defendant Dr. Subhash Gulati. After further tests confirmed the presence of the nodule, Dr. Gulati consulted with Dr. Kaplan on either May 8 or May 9, 1989.[2] Neither Dr. Gulati nor Dr. Kaplan ordered that a lung biopsy be performed.

---

a malpractice claim brought under the wrongful death statute because it determined that there was no belated discovery in that case. The issue was also mentioned in *McNeil v Quines*, 195 Mich App 199, 203, n 4; 489 NW2d 180 (1992), in which the panel stated:

We understand the three-year period referred to in MCL 600.5852; MSA 27A.5852 to be a limitation of the two-year extension allowed by the statute in cases where an executor or administrator is not appointed until more than three years after a statutory period of limitation has run. This case does not present that situation.

[2] We note that both parties rely on material not before the circuit court when it granted summary disposition. In the absence of a motion to amend the record, MCR 7.216(A)(4), we will not evaluate any material not part of the actual record. *In re Norris Estate*, 151 Mich App 502, 507; 391 NW2d 391 (1986). Here, plaintiff argues on appeal that Dr. Kaplan saw decedent on more than one occasion during his May 5-12, 1989, hospital stay. Any evidence of further consultations was not before the circuit court when it ruled on the motion for summary disposition, and we therefore do not consider this argument. Moreover, even if plaintiff had presented evidence to the circuit court that Dr. Kaplan consulted on dece-

On August 17, 1989, decedent went to the Select Care Clinic in Warren and requested repeat x-rays. Defendant Dr. George Evans, who treated decedent in August and September 1989, failed to report the existence of a lung nodule. Defendant Dr. Chang Nan Chun, who first saw decedent on September 27, 1989, compared decedent's May and August x-rays and reported no significant change in the original nodular density of approximately 1.5 centimeters. Around March 19, 1990, decedent again went to Select Care, this time for an upper respiratory infection. Another chest x-ray was performed, and Dr. Chun reported that there were no significant changes since the August 17, 1989, x-ray. On the basis of Dr. Chun's findings, no further evaluation was performed on decedent until November 1990.

On November 8, 1990, decedent again went to Select Care, this time complaining of right chest pain and a cough. A chest x-ray revealed an approximately 4.5-centimeter mass on decedent's lung, which was eventually diagnosed as inoperable lung cancer. Decedent died on January 29, 1991, at the age of forty-eight. Plaintiff, decedent's widow, was appointed personal representative of decedent's estate on August 18, 1993.

Plaintiff's initial complaint, filed on July 22, 1993, alleged medical malpractice and wrongful death against defendants Dr. Chun and Radiology Associates, P.C. She moved to file an amended complaint, adding as defendants Dr. Raymond Kurtzman, Dr. Gulati, Dr. Kaplan, Dr. Evans, and Macomb Hospital

---

dent's case as late as May 12, 1989, it would not alter our conclusion that the court properly granted summary disposition to these defendants.

Center, on May 19, 1994.[3] Her motion was granted and her amended complaint was filed on June 23, 1994. The circuit court granted Dr. Kaplan's and Macomb Hospital Center's motions for summary disposition on June 22, 1995, on the basis of its finding that plaintiff's cause of action against these defendants was barred by the statute of limitations.

This Court reviews a summary disposition determination de novo as a question of law. *Lindsey v Harper Hosp*, 213 Mich App 422, 425; 540 NW2d 477 (1995). The period of limitation in a wrongful death action is governed by the statute of limitations applicable to the underlying claim. *Hawkins v Regional Medical Laboratories, PC*, 415 Mich 420, 436; 329 NW2d 729 (1982). Plaintiff's claim against Dr. Kaplan and Macomb Hospital Center is for medical malpractice and stems from Dr. Kaplan's consultation on decedent's case on May 8 or 9, 1989. The accrual date of a medical malpractice claim is the date of the act or omission upon which the claim is based regardless of the date the plaintiff discovers or otherwise has knowledge of the claim. MCL 600.5838a(1); MSA 27A.5838(1)(1). Thus, under the statute, plaintiff's claim against Dr. Kaplan and Macomb Hospital Center accrued on May 8 or 9, 1989.

The resolution of plaintiff's appeal involves the interpretation of three statutes. The first, MCL 600.5805; MSA 27A.5805, provides, in pertinent part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless,

---

[3] Dr. Chun, Dr. Evans, and Radiology Associates settled plaintiff's claims against them. Dr. Gulati and Dr. Kurtzman apparently were never served process and have not participated in this litigation.

after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

\* \* \*

(4) Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice.

The second statute, MCL 600.5838a(2); MSA 27A.5838(1)(2), provides, in pertinent part:

Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later.

Thus, according to the statutory scheme, unless one of the exceptions to the limitation period outlined in sections 5851 to 5856 (MCL 600.5851; MSA 27A.5851 to MCL 600.5856; MSA 27A.5856) applies to a plaintiff's claim, a medical malpractice action must be brought within two years of the accrual date or within six months of discovering the claim, whichever is later. In the present case, unless one of the exceptions to the medical malpractice statute of limitations applied, plaintiff could have filed suit against these defendants by May 8 or 9, 1991, or within six months after she discovered the claim, whichever occurred later.

Plaintiff relies on the exception provided in MCL 600.5852; MSA 27A.5852, which contains a "savings" provision with respect to wrongful death actions. The statute provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Decedent died on January 29, 1991, before the expiration of the period of limitation. Plaintiff contends, and we agree, that this section is therefore applicable to her cause of action. Plaintiff was appointed personal representative of decedent's estate on August 18, 1993. Plaintiff moved to file an amended complaint naming Dr. Kaplan and Macomb Hospital Center as defendants on May 19, 1994. Because plaintiff proceeded to secure the order that allowed the amendment within a reasonable time, the running of the period of limitation was tolled from the date plaintiff moved to add defendants rather than the date her amended complaint was filed. *McNeil v Quines*, 195 Mich App 199, 203; 489 NW2d 180 (1992). Thus, plaintiff is deemed to have brought her action against these two defendants on May 19, 1994.

Defendants argued to the circuit court that plaintiff did not bring her action against them within three years after the otherwise applicable limitation period had run. Defendants contended that the two-year period of limitation applicable to plaintiff's claim expired on May 8 or 9, 1991. The wrongful death savings provision allowed plaintiff a three-year grace period in which to file her complaint. Because plaintiff did not file against them until May 19, 1994, which was more than three years from the expiration of the

limitation period, her complaint was barred by the statute of limitations. The circuit court agreed with defendants' analysis and granted their motions for summary disposition on that basis.

Plaintiff argues on appeal that the circuit court erred as a matter of law. She contends that the period within which a plaintiff must bring a wrongful death claim based on medical malpractice is either three years after the expiration of the two-year period of limitation (or five years after the act or omission upon which the claim is based) or three years from the expiration of the statutory six-month discovery period, whichever is later. We disagree.

The primary purpose of courts in interpreting statutes is to discover and give effect to the intent of the Legislature. *Witherspoon v Guilford*, 203 Mich App 240, 246-247; 511 NW2d 720 (1994). Statutes of limitation will be construed to advance the policy that they are designed to promote. *Id.* at 247. While one policy is to afford plaintiffs a reasonable opportunity to bring suit, statutes of limitation also further "the sound public policy of establishing a time frame beyond which defendants will not be forced to defend." *Chase v Sabin*, 445 Mich 190, 200; 516 NW2d 60 (1994).

> Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants. . . . [T]hey protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence. They also prevent plaintiffs from sleeping on their rights; a plaintiff who delays bringing an action profits over an unsuspecting defendant who must prepare a defense long after the event from which the action arose. [*Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995).]

Statutes of limitation afford security against fraudulent or stale claims, which become difficult to defend because of the loss of evidence, and relieve a court system from dealing with such claims. *Moll v Abbott Laboratories*, 444 Mich 1, 14; 506 NW2d 816 (1993). Exceptions to statutes of limitation are to be construed strictly. *Michigan Millers Mutual Ins Co v West Detroit Building Co, Inc*, 196 Mich App 367, 374; 494 NW2d 1 (1992).

The wrongful death savings provision is an exception to the general statute of limitations for medical malpractice and, as such, should be construed strictly. *Id.* It addresses the difficulty facing a decedent's personal representative in discovering a possible cause of action and provides for additional time to preserve the claim. It also addresses the policies of preventing stale claims and relieving defendants of the protracted fear of litigation by disallowing actions by personal representatives that are not brought within three years after the otherwise applicable period of limitation has run on the underlying action. The statute, therefore, addresses the interests of both parties to a wrongful death cause of action.

Our conclusion that the wrongful death savings provision does not incorporate the six-month statutory discovery rule for medical malpractice claims is supported by the plain language of MCL 600.5838a(2); MSA 27A.5838(1)(2), which provides that a plaintiff may bring a cause of action within the period prescribed in § 5805, which is a two-year period of limitation, *or* the periods prescribed in §§ 5851-5856, which includes the wrongful death savings provision, *or* within six months after the plaintiff discovers or should have discovered the cause of action, which-

ever is later. This language states a choice among limitation periods in applicable cases but disallows the interpretation urged by plaintiff.

Pursuant to MCL 600.5838a(2); MSA 27A.5838(1)(2), plaintiff had three time frames in which to bring this action. First, she could have filed within the two-year general malpractice period of limitation stated in MCL 600.5805(4); MSA 27A.5805(4), which in the present case would have expired on May 8 or 9, 1991. Second, she might have utilized the wrongful death savings provision, MCL 600.5852; MSA 27A.5852, and commenced her lawsuit within two years after being appointed personal representative as long as the suit was commenced within three years after the expiration of the two-year malpractice period of limitation. Under this option, plaintiff had until May 8 or 9, 1994, to file a complaint against these defendants.

Finally, plaintiff could have commenced her lawsuit within the statutory six-month discovery period. A plaintiff is deemed to have discovered a cause of action when the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, an injury and its possible cause. *Gebhardt v O'Rourke*, 444 Mich 535, 545; 510 NW2d 900 (1994). The test of whether the plaintiff discovered or should have discovered a cause of action is an objective test. *Levinson v Trotsky*, 199 Mich App 110, 112; 500 NW2d 762 (1993). The plaintiff need only be aware that she has a possible cause of action, not that she has a likely cause of action. *Gebhardt, supra* at 544. Once a plaintiff is aware of an injury and its possible cause, the plaintiff is equipped with the necessary knowledge to preserve and diligently pursue her claim. *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 223; 561

NW2d 843 (1997). The law imposes on such a plaintiff "a duty to diligently pursue the resulting legal claim." *Moll, supra* at 29.

To achieve the benefit of the statutory six-month discovery period, plaintiff had the burden of proving that, as a result of physical discomfort, appearance, condition, or otherwise, she neither discovered nor should have discovered the existence of the claim at least six months before she filed her complaint. MCL 600.5838a(2); MSA 27A.5838(1)(2); *Turner v Mercy Hosps & Health Services of Detroit,* 210 Mich App 345, 353; 533 NW2d 365 (1995). Plaintiff plainly has not met this burden of proof. Although she was aware of a potential wrongful death action at least by July 22, 1993, when she filed her original complaint, she did not move to amend her complaint and add these defendants until May 19, 1994, almost ten months later. That plaintiff initially may not have been aware of Dr. Kaplan's identity does not alter her duty of diligence in discovering a potential cause of action. The discovery period applies to discovery of a possible claim, not the discovery of the defendant's identity. *Weisburg v Lee,* 161 Mich App 443, 448; 411 NW2d 728 (1987).[4]

We recognize that in addition to the statutory six-month discovery period, the "common law has developed equitable rules to mitigate the harsh effects of the statute of limitation." *Stephens, supra* at 535. One such exception is the judicially created discovery

---

[4] Because we find that plaintiff plainly did not file her complaint against Dr. Kaplan and Macomb Hospital Center within six months of discovering a potential claim, we need not further address the parties' arguments concerning exactly on what date plaintiff knew or had reason to know of a possible claim.

rule, which was " 'formulated to avoid the harsh results produced by commencing the running of the statute of limitations before a claimant was aware of any basis for an action.' " *Id.* (Citation omitted.) Our Supreme Court has adopted the discovery rule in appropriate cases. *Chase, supra* at 196. The common-law discovery rule governs the accrual date of a plaintiff's claim. *Id.* Thus, if a court utilizes the discovery rule, the limitation period or periods do not start to run until the date of discovery, or the date when, by the exercise of reasonable care, the plaintiff should have discovered the wrongful act. *Johnson v Caldwell,* 371 Mich 368, 379; 123 NW2d 785 (1963). In deciding whether to strictly enforce a period of limitation or impose the discovery rule, a court should "carefully balance when the plaintiff learned of her injuries, whether she was given a fair opportunity to bring her suit, and whether defendant's equitable interests would be unfairly prejudiced by tolling the statute of limitations." *Stephens, supra* at 536.

We believe it is unnecessary to reach for equitable principles in the present case. The facts do not justify an extension of the limitation period beyond the plain language of the statutes. According to evidence presented to the circuit court, Dr. Kaplan consulted on the decedent's case only once, when decedent was admitted to Macomb Hospital Center after presenting himself to its emergency room. This consultation occurred more than twenty months before decedent's death. During this intervening period, decedent consulted with several other doctors who also did not diagnose lung cancer in decedent. Moreover, neither decedent nor plaintiff, decedent's wife, diligently pursued potential claims against these defendants. Dece-

dent became aware that the nodule on his lung was most likely cancerous in November 1990, two months before his death. Plaintiff was clearly aware of a potential cause of action at least by July 22, 1993, when she filed suit against Dr. Chun and Radiology Associates, P.C. Yet she did not seek leave to amend her complaint to include defendants Dr. Kaplan and Macomb Hospital Center until May 19, 1994. We believe that plaintiff was given "a fair opportunity to bring her suit" against these defendants. *Id.* These facts call for the strict enforcement of the applicable statutes of limitation rather than the imposition of the discovery rule.

We hold that the circuit court did not err in its interpretation of the wrongful death savings provision. Because plaintiff did not file her complaint against Dr. Kaplan and Macomb Hospital Center within any of the applicable limitation periods, the circuit court properly granted summary disposition to these defendants. Moreover, we do not find the strict application of the statute of limitations in this case to be especially harsh or require the mitigation of the discovery rule.

Affirmed.