**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 4, 2002**

EDWARD MILLER, Personal
Representative of the ESTATE
OF MORRISON MILLER, deceased,

    Plaintiff-Appellant,

v                                                No. 118701

MERCY MEMORIAL HOSPITAL CORPORATION,
MANOO BOONSIRI, M.D., MANOO BOONSIRI,
M.D., P.C., and NORMA A. FLORES,
M.D.,

    Defendants-Appellees,

and

AKBAR ATTARY, M.D.,

    Defendant.

_____

PER CURIAM

This case presents the issue whether the six-month discovery provision in MCL 600.5838a(2), applicable to medical malpractice claims, is incorporated in the wrongful death saving statute as a "period of limitation." MCL 600.5852. Plaintiff filed a wrongful death action on the basis of

medical malpractice, alleging in part that defendants failed to timely diagnose cancer, which resulted in the death of plaintiff's decedent. The trial court dismissed the complaint on statute of limitations grounds, pursuant to MCR 2.116(C)(7). The Court of Appeals affirmed, relying on *Poffenbarger v Kaplan*, 224 Mich App 1; 568 NW2d 131 (1997), and held that the six-month discovery rule for medical malpractice actions was not incorporated by the wrongful death saving statute.[1] We reverse the judgments of the trial court and Court of Appeals and overrule *Poffenbarger* to the extent that it held that MCL 600.5852 does not incorporate the six-month discovery rule.

I

We borrow the Court of Appeals statement of facts:

Decedent went to see his internist, Dr. Attary, in 1993 because he had a chronic cough and had been spitting up blood (hemoptysis). Dr. Attary referred decedent to Dr. Boonsiri, who performed a bronchoscopy on decedent's right lung on August 23, 1993. The biopsy results from the procedure were interpreted as showing no malignancy. Decedent then underwent a CAT scan on August 27, 1993. Plaintiff alleged that Dr. Flores misinterpreted the CAT scan, failing to identify a suspicious mass in decedent's upper hemithorax.

Plaintiff alleged that decedent's cough and hemoptysis continued after August 1993. Another CAT scan was performed at Mercy Memorial Hospital in December 1995. This scan revealed the presence of a mass in decedent's right lung that was noted to be suspicious for carcinoma. A needle biopsy of the lung was performed in January 1996 at St.

---

[1] Unpublished opinion per curiam, issued January 30, 2001 (Docket No. 217500).

2

Vincent's Hospital, and decedent was diagnosed with lung cancer on January 10, 1996. Decedent died on January 24, 1996. Plaintiff was appointed personal representative and letters of authority were issued on February 22, 1996. Plaintiff filed his wrongful death claim on October 23, 1997.

The trial court granted summary disposition in favor of defendants Flores and Boonsiri under MCR 2.116(C)(7). The trial court subsequently granted summary disposition in favor of Mercy Memorial Hospital because plaintiff alleged it was vicariously liable for the acts and omissions of Flores and Boonsiri. Plaintiff appealed as of right, and the Court of Appeals affirmed. Plaintiff has applied for leave to appeal.

II

The Legislature has prescribed the periods of limitation for medical malpractice actions. The general period of limitation for a malpractice action is two years. MCL 600.5805(5). There are additional provisions specifically relating to medical malpractice actions. The pertinent provisions are in a portion of MCL 600.5838a(2):

> Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. . . .

and MCL 600.5852:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are

3

issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Interpretation of these statutes is at the heart of this matter. The Court of Appeals in this case interpreted *Poffenbarger* as standing for the proposition that the six-month discovery provision under § 5838a(2) does not apply in a cause of action brought by a personal representative under § 5852. This reading had the effect of making the only "period of limitation" applicable to a medical malpractice cause of action brought by the personal representative under § 5852, the two-year period of limitation under § 5805(5). We respectfully disagree with this conclusion.

In *Poffenbarger*, it was alleged that certain defendants failed to diagnose lung cancer in plaintiff's decedent. Plaintiff's decedent died within two years of the date of accrual of the alleged malpractice, i.e., within the period of limitation set out in § 5805(5). Suit against the relevant defendants was not filed within three years from the expiration of the two-year period of limitation. Defendants argued the claim was therefore time-barred. Plaintiff, the personal representative of the estate, argued that she could avail herself of the six-month discovery provision in § 5838a(2). Under this scenario, however, the suit would have been timely filed within three years of the expiration of this

4

six-month discovery period.[2]  The Court stated that the issue

was "whether the three-year period mentioned in the wrongful

death saving provision of MCL 600.5852 commences after the

six-month statutory discovery period provided for in MCL

600.5838a."  *Poffenbarger*, *supra* at 3.[3]  However, the Court

went on to state that the six-month discovery provision was

not incorporated by the wrongful death saving statute.  *Id*. at

10.

---

[2] In *Poffenbarger*, unlike this case, there was no claim that the alleged medical malpractice victim had discovered the malpractice after the two-year period of limitation had expired.  The alleged malpractice in *Poffenbarger* occurred in May of 1989, and the malpractice claimant died in January of 1991.  Thus, the applicable period of limitation for the purpose of that case was the two-year period in § 5805.

[3] In addressing the personal representative's claim that the six-month discovery period applied to her discovery of malpractice, rather than to the discovery by the decedent, and her effort to amend the complaint to add new defendants in May of 1994 (a period after the maximum three-year cutoff for personal representatives to bring a surviving cause of action under § 5852), *Poffenbarger* disagreed that the three-year period that allowed a personal representative to bring a cause of action after the applicable limitation period could be further extended by the later "discovery" of a cause of action by the personal representative under the six-month discovery provision. *Id.* at 9.  However, the Court proceeded to analyze whether the personal representative had actually "discovered" a cause of action against the defendants she sought to add to the complaint.  We do not purport to address whether a personal representative may use the six-month discovery provision in § 5838a(2), because the facts in this case are clearly distinguishable from *Poffenbarger*.  In this case, the six-month discovery provision applied to the decedent's discovery of the alleged acts of malpractice, and the issue is whether the personal representative may avail the estate of a cause of action under this provision within the time prescribed by § 5852.  Accordingly, we overrule *Poffenbarger* to the extent that it states that the six-month discovery period contemplated by § 5838a(2) is not a "period of limitation" within the meaning of § 5852, the saving statute.

The Court of Appeals here relied on this statement from *Poffenbarger* and likewise held that the saving provision did not suspend the running of the statute of limitations in this case.

III

As we review the interpretation and application of a statute, it is a question of law that we review de novo. *Lincoln v General Motors Corp*, 461 Mich 483, 489-490; 607 NW2d 73 (2000). We first review the language of the statute itself. If it is clear, no further analysis is necessary or allowed to expand what the Legislature clearly intended to cover. *In re MCI Telecommunications*, 460 Mich 396, 411; 596 NW2d 164 (1999).

Following these principles of statutory construction, we conclude that the six-month discovery rule is a "period of limitation" within the meaning of the saving statute. The plain language of § 5838a(2) provides two distinct periods of limitation: two years after the accrual of the cause of action, and six months after the existence of the claim was or should have been discovered by the medical malpractice claimant. MCL 600.5852, simply refers to "the" period of limitation. The provision does not limit or qualify which period of limitation applies, the two-year period of limitation rooted in § 5805(5), or the six-month discovery period found in § 5838a(2). As a saving statute, § 5852 applies to whatever period of limitation is or may be

6

applicable in a given case, be it a professional malpractice claim or a breach of contract action. Indeed, *Poffenbarger* acknowledged that "[t]he period of limitation in a wrongful death action is governed by the statute of limitations applicable to the underlying claim." *Id*. at 6. As the trial court acknowledged in this case, the underlying claim here was a medical malpractice action brought under the six-month discovery period. Thus, it is the latter period of limitation that the wrongful death saving statute incorporates here. Contrary to defendants' assertions, the six-month discovery rule is a distinct period of limitation. It is a statutory provision that requires a person who has a cause of action to bring suit within a specified time.[4] As an alternative to the other periods of limitation, it is itself a period of limitation.

Section 5852 is a saving statute, not a statute of limitations. In *Lindsey v Harper Hosp*, 455 Mich 56, 66; 564 NW2d 861 (1997), we stated that the purpose of § 5852 was "to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions." That purpose is fulfilled by our decision today. Had plaintiff's decedent not died, he would have been able to bring suit for six months, or until July 1996. Suit would have been timely, not under § 5805(5), but

---

[4] *O'Brien v Hazelet & Erdal*, 410 Mich 1, 15; 299 NW2d 336 (1980).

7

under § 5838a(2), not as an exception to the two-year statute, but as an additional period of limitation. While we said in *Lindsey* that § 5852 is to be narrowly construed as an exception to the statute of limitations, giving effect to its plain meaning does not violate that edict. Here, letters of authority were issued on February 26, 1996. Plaintiff therefore had two years from that date, or until February 26, 1998, to commence suit as long as suit was commenced within three years of July 1996, the date signifying the end of the applicable six-month limitation period. Because suit was commenced on October 23, 1997, it was timely.

Accordingly, we reverse the judgments of the circuit court and Court of Appeals and remand this case to the circuit court for further proceedings. MCR 7.302(F)(1).

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.