LIPMAN v WILLIAM BEAUMONT HOSPITAL

Docket No. 234257. Submitted December 10, 2002, at Detroit. Decided May 6, 2003, at 9:10 A.M. Leave to appeal sought.

Marlene Lipman, as personal representative of the estate of Jerome Lipman, deceased, brought a wrongful-death action in the Oakland Circuit Court, against William Beaumont Hospital and Doctors Jeffrey Fischgrund, David Guettler and Charles Hartley, alleging that the decedent died as a result of medical malpractice by the defendants. The defendants filed a motion for summary disposition, arguing that the plaintiff's complaint must be dismissed as untimely because she did not file suit within two years after the issuance of letters of authority under MCL 600.5852. The plaintiff argued that her suit was timely filed on January 24, 2001, because the applicable two-year period of limitations, MCL 600.5805(5), did not expire until February 4, 2001, under the tolling provision contained in MCL 600.5856. The trial court, Deborah G. Tyner, J., denied the defendants' motion for summary disposition, concluding that MCL 600.5852 was inapplicable to the present case and did not bar the plaintiff's suit, which was timely filed. Defendants Beaumont Hospital, Fischgrund, and Guettler appealed by leave granted, and defendant Hartley cross-appealed.

The Court of Appeals held:

MCL 600.5852 is a saving statute, not a statute of limitations, and only applies to save a cause of action that would otherwise be barred when it is clear that the applicable period of limitations expired before a personal representative filed a cause of action on behalf of an estate. The period of limitations applicable to plaintiff's wrongful-death action premised on medical malpractice is two years, MCL 600.5805(5). The plaintiff's claim accrued on August 5, 1998, and the period of limitations would have expired on August 5, 2000. However, since the period expired during the 182-day notice period required by MCL 600.2912b, the tolling provision set forth in MCL 600.5856(d) applied to extend the plaintiff's time for filing until February 4, 2001. Accordingly, the plaintiff's complaint, which was filed on January 24, 2001, was timely, and MCL 600.5852 is inapplicable to the present case.

Affirmed.

LIMITATION OF ACTIONS — ACTIONS BY PERSONAL REPRESENTATIVES — SAVING STATUTE.

The statute that saves or preserves a cause of action that survives a decedent's death only applies to save or preserve the cause of action when it is clear that the personal representative failed to file a cause of action on behalf of the decedent's estate within the applicable limitations period (MCL 600.5852).

*Mark Granzotto, P.C.* (by *Mark Granzotto*) and *David A. Priehs, P.C.* (by *David A. Priehs*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Ronald S. Lederman* and *Gerard J. Andree*), for William Beaumont Hospital and Doctors Jeffrey Fischgrund and David Guettler.

*Wulfmeier & Ottenwess, PLC* (by *Cheryl L. Chandler*), for Dr. Charles Hartley.

Before: FITZGERALD, P.J., and WILDER and COOPER, JJ.

WILDER, J. In this medical-malpractice action, defendants William Beaumont Hospital, Dr. Jeffrey Fischgrund, and Dr. David Guettler appeal by leave granted from an order denying defendants' motion for summary disposition. Defendant Dr. Charles Hartley claimed a cross-appeal from the order denying defendants' motion for summary disposition. We affirm.

I. FACTS AND PROCEEDINGS

On August 5, 1998, Jerome Lipman, plaintiff Marlene Lipman's decedent, was admitted to defendant hospital after being treated in the emergency department for complaints of severe neck pains and unusual sensations in his left arm following a fall at his home. On August 7, 1998, while still a patient at the hospital, he went into respiratory and cardiac arrest and died

on August 12, 1998, as a result of an anoxic brain injury. On December 2, 1998, the Oakland County Probate Court issued letters of authority to plaintiff, Jerome Lipman's widow, appointing her the personal representative of his estate.

On June 1, 2000, plaintiff provided defendants a notice of intent to file a malpractice claim pursuant to MCL 600.2912b. In the notice of intent, plaintiff claimed that defendants failed to properly monitor and treat Jerome Lipman's pulse oximeter levels and respiratory condition, and failed to discontinue the use of narcotics and to administer medication to reverse the effects of the narcotics. Plaintiff filed a complaint for medical malpractice on January 24, 2001, alleging that Jerome Lipman suffered conscious pain and suffering and died as a result of the breaches described in the notice of intent.

In lieu of filing an answer to the complaint, defendants Dr. Fishgrund, Dr. Guettler, and William Beaumont Hospital filed a motion for summary disposition pursuant to MCR 2.116(C)(7), contending that plaintiff's complaint was not timely filed and that her claim was barred by the applicable statute of limitations as a matter of law. Defendant Dr. Hartley later joined in this motion. Defendants, relying on MCL 600.5852, asserted that although plaintiff's malpractice claim accrued in August 1998, the statute of limitations did not begin running until December 2, 1998, the date that letters of authority were issued to plaintiff, and that, accordingly, plaintiff was required to file her complaint on or before December 2, 2000, two years after the letters of authority were issued, in order to timely commence her claim.

Defendants further contended that the tolling provision of MCL 600.5856(d) does not apply in the instant

case. Defendants argued that because the 182-day notice interval required by MCL 600.2912b ended on November 30, 2000 (two days before the December 2, 2000, date that defendants claim is the date on which the applicable period of limitations expired[1]), the extension of time provided by § 5856(d) is not warranted.

Plaintiff opposed the motion, arguing that the period of limitations did not expire until February 4, 2001. Plaintiff asserted that the claim accrued and the period of limitations began to run on August 5, 1998, and that because the period of limitations would have expired on August 5, 2000, during the 182-day notice interval that began on June 1, 2000, the tolling provision of MCL 600.5856(d) applied to extend her filing deadline to February 4, 2001.

The trial court concluded that plaintiff's complaint was timely filed and denied defendants' motion, finding that *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000), "does not hold that a statute of limitations different from that set forth in MCL 600.5805(5) should be considered in light of MCL 600.5852." The trial court further agreed with plaintiff's assertion that the two-year period of limitations would have expired on August 5, 2000, during the notice interval, and that, therefore, the period of limitations was tolled and extended sixty-six days after November 30, 2000. This Court granted defendants' application for leave to appeal the trial court's ruling.

---

[1] Because December 2, 2000, was a Saturday, under defendant's theory, plaintiff could actually have filed suit as late as Monday, December 4, 2000. MCR 1.108.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *DiPonio Constr Co, Inc v Rosati Masonry Co, Inc*, 246 Mich App 43, 46; 631 NW2d 59 (2001). In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court accepts as true all of the plaintiff's well-pleaded factual allegations, affidavits, and other documentary evidence and construes them in a light most favorable to the plaintiff. *Terrace Land Dev Corp v Seeligson & Jordan*, 250 Mich App 452, 455; 647 NW2d 524 (2002), citing *Brennan v Edward D Jones & Co*, 245 Mich App 156, 157; 626 NW2d 917 (2001). If there are no factual disputes and reasonable minds cannot differ concerning the legal application of the facts, whether the plaintiff's claim is barred by the statute of limitations is a question of law subject to review de novo. *Id.* Moreover, statutory interpretation presents a question of law that this Court reviews de novo. *Omelenchuk, supra* at 571 n 10.

## III. ANALYSIS

Defendants argue on appeal that the trial court erred by finding that plaintiff's medical malpractice claim is not barred by the statute of limitations. We disagree and find that the trial court correctly interpreted and applied MCL 600.5805(5), MCL 600.2912b, MCL 600.5856(d), and MCL 600.5852 to the facts in this case.

### A. THE RELEVANT STATUTES

MCL 600.5805(5) states that "[e]xcept as otherwise provided in this chapter, the period of limitations is 2

years for an action charging malpractice." Pursuant to MCL 600.2912b(1), "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." MCL 600.5856(d) provides that the statute of limitations is tolled "[i]f, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b." MCL 600.5852 provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued *although the period of limitations has run*. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [Emphasis added.]

## B. MCL 600.5852 IS NOT THE GOVERNING STATUTE OF LIMITATIONS

Defendants urge this Court to conclude that even though plaintiff's malpractice claim accrued in August 1998, because plaintiff's suit was filed as a wrongful-death action, under MCL 600.5852 the period of limitations commenced running when letters of authority were issued to plaintiff on December 2, 1998, and expired on December 2, 2000. We conclude, however, that defendants' interpretation of § 5852 is inconsistent with the plain language of the statute and with

precedent set by the Michigan Supreme Court. First, § 5852 states that actions may be brought by the personal representative of the estate within the time frames specified *"although the period of limitations has run."* Thus, the plain language of the statute states its purpose to "save" or "preserve" a cause of action that survives the decedent when the cause of action would *otherwise* be lost because the period of limitations expired before the personal representative filed the action on behalf of the estate.

Second, as our Supreme Court held in *Miller v Mercy Memorial Hosp Corp*, 466 Mich 196, 202; 644 NW2d 730 (2002), "[s]ection 5852 is a saving statute, not a statute of limitations." Furthermore, the purpose of § 5852 is " 'to *preserve* actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions.' " *Id.* at 203, quoting *Lindsey v Harper Hosp*, 455 Mich 56, 66; 564 NW2d 861 (1997) (emphasis added). We conclude, therefore, from the plain language of the statute and the holding in *Miller, supra*, that MCL 600.5852 is only applicable to circumstances where it is clear that the period of limitations expired before the personal representative filed the cause of action on behalf of the estate.

### C. THE PERIOD OF LIMITATIONS EXPIRED ON FEBRUARY 4, 2001

We also conclude in the instant case that the applicable period of limitations expired on February 4, 2001. In *Miller, supra* at 202, the Supreme Court reaffirmed the principle enunciated by this Court in *Poffenbarger v Kaplan*, 224 Mich App 1, 6; 568 NW2d 131 (1997), overruled on other grounds in *Miller, supra*, that " '[t]he period of limitation in a wrongful

death action is governed by the statute of limitations applicable to the underlying claim.'" There is no dispute that the underlying claim in this case is one of malpractice, and, accordingly, the applicable statute of limitations is MCL 600.5805(5). Generally, a plaintiff in a medical-malpractice action must file suit within two years of the date that the claim accrues. MCL 600.5805(5); *Omelenchuk, supra* at 569. A claim for medical malpractice accrues on the date of the alleged act or omission giving rise to the claim. MCL 600.5838a(1). Plaintiff alleges that defendants' malpractice occurred on August 5, 1998, and that, therefore, plaintiff's claim for malpractice accrued on August 5, 1998, and the period of limitations was set to expire on August 5, 2000.

As we noted earlier, when a plaintiff files a notice of intent to sue under MCL 600.2912b, the running of the period of limitations is tolled for 182 days after the filing. In the present case, the June 1, 2000, filing of the notice of intent tolled the running of the period of limitations sixty-six days before it was to expire. Thus, when the 182-day notice period expired on November 30, 2000, the period of limitations commenced running with sixty-six days remaining. In other words, the period of limitations was extended by sixty-six days so that the expiration date was February 4, 2001. Because the period of limitations had not expired on December 2, 2000, MCL 600.5852 is inapplicable to this case.[2]

---

[2] We note the irony that, were we to accept defendants' suggested analysis here, the application of § 5852, rather than extending the statute of limitations and "saving the action," would shorten the time for filing the action by sixty-four days. Clearly, this result is inconsistent with the plain language of the statute.

IV. CONCLUSION

We find that MCL 600.5852, because it is a saving statute and not a statute of limitations, is only applied to "extend" the period of limitations and "preserve" a cause of action when the period of limitations for the underlying claim expired before the personal representative filed suit. Where the statute of limitations has not expired, as in the instant case, MCL 600.5852 does not apply. We also find that the trial court properly determined that the complaint in this case was timely filed.

We affirm the ruling of the trial court and remand for further proceedings. We do not retain jurisdiction.