Cavanagh, J.
(dissenting). This case calls on us to determine whether MCL 600.5856(d) tolls the period provided for filing wrongful death claims under MCL 600.5852 where the wrongful death claim is predicated on medical malpractice. Because I find that § 5856(d) applies to § 5852, I respectfully dissent from the majority’s decision. The majority’s holding *656 has the practical effect of shortening the period the Legislature expressly permits for bringing wrongful death actions. Consistently with the will of the Legislature and this Court’s unanimous opinion per curiam in Omelenchuk v City of Warren, 461 Mich 567; 609 NW2d 177 (2000), I would reverse the decision of the Court of Appeals.
I. INTERPLAY OF RELEVANT STATUTORY PROVISIONS
Today’s decision evidences the majority’s misunderstanding of the nature of plaintiff’s claim, as well as the interplay between the statutory limitation provisions pertaining to wrongful death actions and medical malpractice claims. Presumably, it is this basic misunderstanding that drives the majority’s result. The majority states, “In this case, the two-year limitation period provided in § 5805(5) expired on April 18, 1996, two years after Jerrith’s death. In order to toll the period under § 5856(d), plaintiff was required to provide notices of intent in compliance with the provisions of MCL 600.2912b before the expiration of the two-year limitation period.” Ante at 651. Because the majority does not fully comprehend the nature of this case, an examination of plaintiff’s claim and the applicable statutory provisions is necessary.
“Early in its history, Michigan adopted a rather liberal ‘survival act’ to preserve causes of action which, under common law, were terminated by the death either of the person injured or the tortfeasor.” Hawkins v Regional Med Labs, PC, 415 Mich 420, 428-429; 329 NW2d 729 (1982). MCL 600.2921 pertains to survival actions and provides:
*657 All actions and claims survive death. Actions on claims for injuries which result in death shall not be prosecuted after the death of the injured person except pursuant to the next section. If an action is pending at the time of death the claims may be amended to bring it under the next section.
A failure to so amend will amount to a waiver of the claim for additional damages resulting from death.
Thus, survival type wrongful death actions are filtered through MCL 600.2922, which provides in pertinent part:
(1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances that constitute a felony.
The statute of limitations for a wrongful death action is normally governed by the statute of limitations for the underlying claim. Larson v Johns-Manville Sales Corp, 427 Mich 301, 314; 399 NW2d 1 (1986). In general, the limitation period for a medical malpractice action is two years. MCL 600.5805(5); Miller v Mercy Mem Hosp, 466 Mich 196, 199; 644 NW2d 730 (2002). The Legislature, however, has set forth specific statutory limitation provisions relating to medical malpractice and wrongful death actions.
For example, MCL 600.5838a provides in pertinent part:
(1) For purposes of this act, a claim based on the medical malpractice of a person or entity who is or who holds him *658 self or herself out to be a licensed health care professional, licensed health facility or agency, or an employee or agent of a licensed health facility or agency who is engaging in or otherwise assisting in medical care and treatment, whether or not the licensed health care professional, licensed health facility or agency, or their employee or agent is engaged in the practice of the health profession in a sole proprietorship, partnership, professional corporation, or other business entity, accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.
(2) Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. [Emphasis added.]
Further, and at issue here, is the wrongful death saving provision. MCL 600.5852 provides in pertinent part:
If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.
Under § 5852, the Legislature has expressly granted a personal representative “an additional two years from the date of issuance of letters [of authority] in *659 which to bring suit provided that, in any event, the [personal representative] brings suit not more than three years after the limitations period has run.” Hawkins, supra at 438. Thus, the Legislature has extended the time in which to bring wrongful death claims, including those claims based upon medical malpractice.
It is against this backdrop that the Legislature’s tort reform measures must be considered. The Legislature requires a plaintiff alleging medical malpractice, including a personal representative bringing a wrongful death action, to provide notice of intent to commence an action to the defendant before filing a complaint. MCL 600.2912b; Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 65; 642 NW2d 663 (2002). After giving notice of intent, a plaintiff must wait at least one hundred eighty-two days before filing the complaint; however, this period may be reduced to one hundred fifty-four days if the plaintiff does not receive a written response from the defendant. MCL 600.2912b(1) and (8). During this “waiting period required under MCL 600.2912b,” however, the Legislature has provided that MCL 600.5856(d) will toll the period of limitations. Roberts, supra at 60 (emphasis added). MCL 600.5856(d) provides:
If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.
The Legislature has seen fit to provide a comprehensive time frame for actions alleging medical mal *660 practice. The statutes pertaining to the timing of medical malpractice and wrongful death are intertwined.
II. OMELENCHUK v CITY OF WARREN
In Omelenchuk, nearly all the aforementioned statutory provisions were implicated. Thus, the majority’s newfound wisdom and its avoiding that decision necessitate a thorough examination.
In examining the language of the notice tolling provision, § 5856(d), this Court began its analysis with the following observation: “Certainly, that provision could have been written more clearly.” Omelenchuk, supra at 574. In construing § 5856(d), this Court noted:
If, however, the interval when a potential plaintiff is not allowed to file suit would end after the expiration of the limitation period (i.e., if notice is given one hundred eighty-two days or less before the end of the limitation period), then MCL 600.5856(d); MSA 27A.5856(d) applies. In that instance, the limitation period is tolled. [Id. (emphasis added).]
In determining how long the limitation period is tolled under § 2912b, “we concludefd] and [held] that the preferred construction is that the limitation period is tolled for the full one hundred eighty-two days.” Id. at 575 (emphasis added).
In applying the notice tolling provision, § 5856(d), to the wrongful death saving provision, § 5852, we noted:
In the present case, the plaintiffs’ decedent died on February 13, 1994. The plaintiffs received their letters of authority the next day, February 14, 1994. Thus, the two-
*661 year limitation period was set to expire on February 14, 1996.
On December 11, 1995 (sixty-five days before the expiration of the limitation period) the plaintiffs provided the required notice to the defendants. As a result of the notice, the limitation period was tolled one hundred eighty-two days. Rather than expiring on February 14, 1996, the limitation period thus was tolled from December 11, 1995, until June 10, 1996; it then resumed for another sixty-five days until it expired on August 14, 1996.
The plaintiffs were unable to file suit for one hundred fifty-four days after they provided notice on December 11, 1995. . . . This no-suit interval ended on May 13, 1996, after which they were able to file suit. The plaintiffs then filed their complaint on July 19, 1996, nearly a month before the end of the recalculated limitation period. [Id. at 577 (emphasis added).]
Thus, this Court, in a unanimous decision, unquestionably applied § 5856(d) to the limitation period provided under § 5852.
III. THE MAJORITY’S ATTEMPTS TO AVOID OMELENCHUK
The majority, in vain attempts to avoid the ramifications of this Court’s decision in Omelenchuk, asserts that (1) “we mistakenly, and unnecessarily, based our time calculations on a starting date of February 14, 1994;”[1] and (2) confusion has stemmed from “our imprecise choice of words in Omelenchuk [that] implied that § 5852 created a separate ‘limitation period.’ ”[2] Neither assertion has merit and, thus, the majority’s decision to conditionally overrule Omelenchuk is unwarranted.
*662 A. THE TIME CALCULATIONS IN OMELENCHUK WERE ACCURATE
The Omelenchuk plaintiffs, as personal representatives of the decedent’s estate, instituted a wrongful death action. By operation of §§ 2921, 2922, and 5852, the decedent’s claim survived. Because the decedent died within the two-year period of limitation under § 5805, the saving provision took effect and the plaintiffs were operating under the period set forth under § 5852, the saving provision. Thus, we did not mistakenly or unnecessarily base our calculations on the date of appointment. Under § 5852, we were required to measure the applicable two-year period from the date the personal representatives were appointed. We were not permitted to consider the date of death under the circumstances presented in Omelenchuk.
The majority is simply wrong in its assertion that Omelenchuk should have based its calculations on the date the cause of action accrued. The date of death in that case, February 13, 1994, would only have been relevant (1) if the decedent somehow survived and brought a medical malpractice claim himself or (2) in determining the three-year ceiling provided under § 5852. As such, it was absolutely necessary for this Court to examine the wrongful death saving provision because that was the nature of the plaintiffs’ claim. Thus, the majority’s attempt to “clarify” Omelenchuk is disingenuous.
B. SECTION 5852 DOES SET FORTH A LIMITATION PERIOD
In an attempt to further distance itself from the result reached in Omelenchuk, the majority now asserts that we misspoke when we referred to § 5852 as a limitation period. Instead, the majority simply *663 contends that § 5852 is not a statute of limitation, but a saving provision, in order to justify its current holding. This point of law, however, was settled long before our decision in Omelenchuk. Hardy v Maxheimer, 429 Mich 422, 425; 416 NW2d 299 (1987); Lindsey v Harper Hosp, 455 Mich 56, 60-61; 564 NW2d 861 (1997). Further, while not formally labeled a statute of limitation, it is clear from our prior decisions that § 5852 is a limitation period because it sets forth its own period of limitations.
In Lindsey, for example, the defendant moved for summary disposition under MCR 2.116(C)(7), asserting that the plaintiff’s claim was barred under § 5852 because the plaintiff filed suit more than two years after being appointed temporary personal representative. Lindsey, supra at 60. The plaintiff argued that the claim was timely because the claim was filed within two years of the issuance of formal letters of authority. This Court held that the saving provision begins to run when a plaintiff is appointed temporary personal representative. Because the plaintiff did not bring suit within two years after being appointed temporary personal representative as required under § 5852, the Lindsey Court held that the plaintiff’s claim was untimely and, thus, barred. As such, we did not misspeak when we referred to § 5852 as a limitation period in Omelenchuk.
Miller also supports the conclusion reached in Omelenchuk that the saving provision is a limitation period. In concluding that the six-month discovery rule, § 5838a(2), was a “period of limitation” within the meaning of the saving provision, this Court noted:
Contrary to defendants’ assertions, the six-month discovery rule is a distinct period of limitation. It is a statutory *664 provision that requires a person who has a cause of action to bring suit within a specified time. As an alternative to the other periods of limitation, it is itself a period of limitation. [Miller, supra at 202.]
This inevitably leads to the conclusion that because § 5852 requires a plaintiff to bring suit within a specified time, § 5852 must be considered a limitation period.
Finally, the majority’s decision itself necessarily supports the notion that § 5852 is a limitation period. The majority concludes that because the wrongful death saving provision was not tolled during the notice period, plaintiff’s complaint is time-barred. I question how a claim may be considered time-barred under the saving provision if the saving provision is not a limitation period.[3] While § 5852 is not formally labeled as a statute of limitation, it is clear that if a plaintiff does not adhere to the period of limitations set forth under the saving provision, he is subject to having his claim dismissed as untimely. Thus, this unanimous Court did not misspeak in Omelenchuk when it referred to § 5852 as setting forth a limitation period.
In sum, I find the majority’s attempts to evade Omelenchuk unacceptable. I believe Omelenchuk reached the correct result and effectively harmonized the applicable statutory provisions pertaining to the limitation of actions. In fairness, however, I suppose *665 the majority’s avoidance of Omelenchuk is necessary to support its overly narrow construction of § 5856(d).
IV. THE MAJORITY’S NARROW CONSTRUCTION IS CONTRARY TO THE LEGISLATURE’S INTENT
The majority considers § 5856(d) in isolation and strictly construes five words contained in that particular provision without regard to the other relevant and applicable statutory provisions implicated in this action. In doing so, the majority undermines the Legislature’s intent and violates several well-established principles of statutory construction. Applying accepted principles of construction, I would hold that § 5856(d) is applicable to § 5852.
“The primary goal of statutory interpretation is to give effect to the intent of the Legislature.” In re MCI, 460 Mich 396, 411; 596 NW2d 164 (1999). To reach this goal, this Court has recognized the rule that “statutes relating to the same subject matter should be read and construed together to determine the Legislature’s intent.” Id. at 416. Further, it is “a maxim of statutory construction that every word of a statute should be read in such a way as to be given meaning . . . .” Id. at 414 (emphasis added); see also Danse Corp v Madison Hts, 466 Mich 175, 182; 644 NW2d 721 (2002) (“The court must presume that every word has some meaning and, if possible, effect should be given to each provision.”).
As detailed above, the timing provisions relating to wrongful death actions, medical malpractice claims, and notice tolling are interconnected and are part of a common legislative framework. Because the various statutory provisions implicated in this case relate to *666 the same subject matter, the terms of the provisions should be read in pari materia. Jennings v Southwood, 446 Mich 125, 136-137; 521 NW2d 230 (1994). “ ‘The object of the rule in pari materia is to carry into effect the purpose of the legislature as found in harmonious statutes on a subject.’ ” Id. at 137, quoting Wayne Co v Auditor General, 250 Mich 227, 233; 229 NW 911 (1930). In Detroit v Michigan Bed Tel Co, 374 Mich 543, 558; 132 NW2d 660 (1965), this Court stated:
Statutes in pari materia are those which relate to the same person or thing, or the same class of persons or things, or which have a common purpose. It is the rule that in construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although enacted at different times . . . .[4]
The purpose of the wrongful death statutory framework is to preserve causes of action, including those based on medical malpractice, which were previously terminated by the death of either the injured party or the wrongdoer under the common law. Hawkins, supra at 428-429. Similarly, the purpose of § 5852, the saving provision, is to “preserve actions that survive death in order that the representative of the estate *667 may have reasonable time to pursue such actions.” Lindsey, supra at 66. Under § 5852, the Legislature has deemed two years from the issuance of letters of authority to be a reasonable time, but, in any event, suit must be filed no more than three years from the date the statute of limitations on the underlying claim has expired. The saving provision remained unchanged in the face of tort reform; evidencing that the Legislature still considered two years to be a reasonable time in which to pursue wrongful death claims predicated on medical malpractice, subject to the three-year ceiling. Consistently with the rule of in pari materia, the aforementioned provisions must be read together with the Legislature’s subsequent tort reform measures.
Under 1993 PA 78, the Legislature amended the Revised Judicature Act and drastically changed the procedures necessary to bring a medical malpractice claim in Michigan. Notably, § 2912b introduced the notice of intent requirement and its corresponding no-suit interval. However, the Legislature also amended § 5856 to include subsection d, which provides that the “statute of limitations or repose” is tolled during this notice period. “The purpose of the notice requirement is to promote settlement without the need for formal litigation and reduce the cost of medical malpractice litigation while still providing compensation for meritorious medical malpractice claims that might otherwise be precluded from recovery because of litigation costs.” Neal v Oakwood Hosp Corp, 226 Mich App 701, 705; 575 NW2d 68 (1997), citing Senate Legislative Analysis, SB 270, August 11, 1993, and House Legislative Analysis, HB 4403-4406, March 22, 1993.
*668 Thus, the no-suit interval temporarily incapacitates a medical malpractice plaintiff, including a personal representative bringing a wrongful death claim, so that the defendant may investigate the claim and meaningful settlement negotiations may then occur. In exchange for not being able to file suit, the Legislature has said that the limitation period is tolled during the notice period so that a plaintiff’s position is not prejudiced. When §§ 2912b, 2921, 2922, 5805, 5852, and 5856(d) are read together, it becomes clear that the Legislature intended the notice tolling provision to apply to the saving provision.
The approach I advance today is consistent with the approach this Court unanimously used in Miller. As mentioned above, the issue in Miller was whether the six-month discovery provision for medical malpractice claims, § 5838a, was incorporated in the wrongful death saving provision. This Court disagreed with the Court of Appeals conclusion that the only “period of limitation” applicable to a medical malpractice action under § 5852 was the two-year period under § 5805(5). In reaching our ultimate conclusion that § 5838a(2) applied to § 5852, this Court considered that the purpose of § 5852 was to preserve actions and to provide a reasonable time in which to pursue wrongful death claims. This Court further stated:
That purpose is fulfilled by our decision today. Had plaintiff’s decedent not died, he would have been able to bring suit for six months, or until July 1996. Suit would have been timely, not under § 5805(5), but under § 5838a(2), not as an exception to the two-year statute, but as an additional period of limitation. [Miller, supra at 203.]
*669 Thus, the saving provision must necessarily be considered both a limitation period and, in light of the purposes of that provision and the tort reform measures, a period subject to the notice tolling provision.
Further, while currently out of favor with some members of this Court, the approach I advance today is also consistent with another accepted maxim of statutory construction. It has long been recognized that “the Court may depart from strict construction principles when a literal reading of the statute will produce absurd or illogical results, and this Court should attempt to give effect to all relevant statutory provisions.” DiBenedetto v West Shore Hosp, 461 Mich 394, 408; 605 NW2d 300 (2000) (Cavanagh, J., dissenting), citing Gross v Gen Motors Corp, 448 Mich 147; 528 NW2d 707 (1995), and In re Landaal, 273 Mich 248, 252; 262 NW 897 (1935).
Personal representatives who bring a wrongful death claim on the basis of medical malpractice must comply with the notice of intent provision and likewise may not file suit during the no-suit interval. However, by operation of law, the limitation period for these causes of action is governed by § 5852, not § 5805(5). Under the majority’s holding, wrongful death plaintiffs must still comply with the notice requirement of § 2912b, but do not receive the benefit of tolling under § 5856(d) because, according to the majority, § 5856(d) only applies to § 5805. This holding, however, ignores the fact that wrongful death plaintiffs must proceed under the limitation period set forth by § 5852, not § 5805, and must follow the mandates of § 2912b. Further, the majority’s decision effectively shortens the period the Legislature has plainly allowed under § 5852 by one hundred eighty- *670 two days. The facts of this case illustrate the absurdity of the majority’s result.
Between February and April 1994, defendant Wyse evaluated plaintiff’s four-month-old son. On April 13, 1994, plaintiff took her son to defendant Hills & Dales Community General Hospital; however, her son was not admitted. On April 17, 1994, plaintiff brought her son back to defendant hospital and the baby died at the hospital the next day, April 18, 1994. Thus, under § 5805, the medical malpractice statute of limitations was set to expire on April 18, 1996. Further, the three-year ceiling provided under § 5852 was set to expire on April 18, 1999.
Plaintiff, as personal representative of her son’s estate, had to file suit within two years of her appointment, but was required to file no later than April 18, 1999, under the plain language of the saving provision. Because plaintiff was alleging medical malpractice, she also had to provide defendants with notices of intent before filing her action. Plaintiff served the required notices of intent in January 1999, well before the expiration of the three-year ceiling under § 5852. Yet, under § 2912b, plaintiff could not file suit for one hundred eighty-two days, or for one hundred fifty-four days if defendants failed to give a written response. Thus, plaintiff could not have filed suit before the three-year ceiling expired even if she so desired under the current tort reform system because plaintiff was in the “no-suit interval,” i.e., plaintiff was required to wait under § 2912b.
During this no-suit interval, the Legislature has said that, under § 5856(d), time stands still so that a plaintiff’s position is not prejudiced and the purposes of the tort reform measures can come to fruition. If time
*671 were not tolled for wrongful death plaintiffs in the same manner as other plaintiffs, the plain language of § 5852 is shortened by one hundred eighty-two days. A wrongful death plaintiff would have to give notices of intent at least one hundred eighty-two days before the expiration of the time provided by § 5852. Thus, the two years expressly provided under the saving provision are effectively reduced to one-and-a-half years, and the three-year ceiling is reduced because plaintiffs are required to provide notice of intent one hundred eighty-two days before the expiration of the three-year ceiling. In this case, for example, plaintiff would then have been required to give her notices of intent by October 16, 1998. Such a result is in direct conflict with the plain language of § 5852 and is contrary to the purpose of the tort reform measures.
The following highlights the differences between the majority’s decision and the proper reading of the applicable provisions:
[[Image here]]
*672 The Legislature clearly did not intend for wrongful death plaintiffs to be prejudiced during the no-suit interval. Yet, this is the result reached by today’s majority. By strictly construing five words in isolation and closing its eyes to the other applicable statutory limitation provisions and legislative intent, the majority effectively and impermissibly rewrites part of the Revised Judicature Act. The majority, not the Legislature, has elected to treat the notice period for wrongful death plaintiffs alleging medical malpractice differently from the notice period for medical malpractice plaintiffs who happen to survive their injuries.
V. CONCLUSION
Rather than rewriting the Revised Judicature Act, I would read the various statutory provisions as one law. Because the notice tolling provision and the wrongful death saving provision are part of the same law, I would hold that § 5856(d) applies to claims governed by the limitation period under § 5852. This approach is consistent with the Legislature’s intent, accepted principles of statutory construction, and this Court’s unanimous opinion per curiam in Omelenchuk.
I would, therefore, reverse the decision of the Court of Appeals and remand for trial.[5]
Kelly, J., concurred with Cavanagh, J.

 Ante at 654 (emphasis in original).

 Ante at 654.

 Contrary to the majority’s assertion, I do not misunderstand its analysis. Rather, I believe that its analysis is fundamentally flawed. Plaintiff’s claim is not governed by the two-year statute of limitations under § 5805 because her cause of action, by operation of law, proceeds under the limitation period set forth under § 5852, the savings provision. Therefore, if plaintiff’s claim is to be considered time-barred at all, it must necessarily be barred under § 5852, not § 5805.

4 See also Dearborn Twp Clerk v Jones, 335 Mich 658, 662; 57 NW2d 40 (1953) (“It is elementary that statutes in pari materia are to be taken together in ascertaining the intention of the legislature, and that courts will regard all statutes upon the same general subject matter as part of 1 system.”); Remus v Grand Rapids, 274 Mich 577, 581; 265 NW 755 (1936) (“ ‘In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law.’ ” [citation omitted].).

 As the majority accurately notes, former MCL 700.332 dictates that plaintiff’s appointment as personal representative relates back to the time she gave her notices of intent. Thus, the trial court erred in granting defendants’ motion for summary disposition on this ground. Further, defendant Wyse’s arguments that plaintiff failed to state a claim upon which relief could be granted and that the notices of intent were deficient under § 2912b are without merit.