*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY C. ROCHE and BONNIE ROCHE,

Plaintiffs-Appellants,

v

JEFFREY MENDELSON and MENDELSON KORNBLUM ORTHOPEDIC & SPINE SPECIALISTS,

Defendants-Appellees.

UNPUBLISHED
July 28, 2022

No. 357099
Wayne Circuit Court
LC No. 20-010787-NH

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this medical malpractice action, plaintiffs appeal as of right the trial court's order granting summary disposition to defendants under MCR 2.116(C)(7). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiffs provided defendants a notice of intent to file suit (NOI), dated October 29, 2019. The NOI alleged that defendant Dr. Jeffrey Mendelson provided negligent medical treatment on November 6, 2017, when plaintiff Gregory Roche visited Mendelson for complaints related to a "fluctuant anterior mass" in his groin area that Mendelson diagnosed as a cyst. The NOI alleged that Mendelson's negligence caused a "chronic open fistula and or draining lymphocele," from which Gregory[1] continued to suffer, and that plaintiff Bonnie Roche had a derivative loss of consortium claim.

---

[1] Because plaintiffs are married and share the same last name, we refer to each of them individually by first name.

-1-

On March 10, 2020, Governor Gretchen Whitmer issued an executive order declaring a state of emergency across the state of Michigan in response to the increasing spread of COVID-19. Executive Order No. 2020-4.

On March 23, 2020, our Supreme Court issued an administrative order extending deadlines for commencing civil actions, and it amended this order on May 1, 2020. Administrative Order No. 2020-3, ___ Mich ___, as amended (2020). The language of this order, as amended, specifically provided:

> In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:
>
> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).
>
> This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.
>
> This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means. [AO 2020-3.]

Governor Whitmer's April 22, 2020 executive order contained similar language temporarily suspending and tolling deadlines applicable to the commencement of civil actions for the duration of the declared states of emergency and disaster. Executive Order No. 2020-58. Governor Whitmer ordered:

> 1. Consistent with Michigan Supreme Court Administrative Order No. 2020-3, all deadlines applicable to the commencement of all civil and probate actions and proceedings, including but not limited to any deadline for the filing of an initial pleading and any statutory notice provision or other prerequisite related to the deadline for filing of such a pleading, are suspended as of March 10, 2020 and shall be tolled until the end of the declared states of disaster and emergency.

2. Consistent with Michigan Supreme Court Administrative Order No. 2020-3, this order does not prohibit or restrict a litigant from commencing an action or proceeding whenever the litigant may choose, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding.

3. This order is effective immediately.

These extensions were subsequently rescinded; the tolling period attributable to the COVID-19 state of emergency was defined as ending June 19, 2020, with the computation of time to resume on June 20, 2020. Executive Order No. 2020-122; Administrative Order No. 2020-18, ___ Mich ___ (2020).

On August 21, 2020, plaintiffs filed a two-count complaint alleging medical malpractice and loss of consortium. Defendants moved for summary disposition under MCR 2.116(C)(7). Citing MCL 600.5805(8), 600.5838a(1), 600.2912b, and 600.5856(c), defendants argued that plaintiffs' complaint was untimely filed outside the statutory limitations period for medical malpractice actions and was also not timely under any applicable extension of the limitations period, including any extensions under the relevant COVID-19 executive and administrative orders. Plaintiffs contended in response that even if their claim was untimely under the relevant statutes, they should be afforded equitable tolling because of clerical error and confusion regarding interpreting the pandemic-related orders.

At the hearing on the motion, plaintiffs' counsel admitted that he had missed the statute of limitations and that the action was untimely. However, he argued that "[t]his ends up being a three-day miscalculation in the statute of limitations based on these various Orders." Plaintiffs' counsel confirmed that his argument for denying defendants' motion for summary disposition relied on applying equitable tolling based on the "unprecedented" situation. Counsel for defendants responded, "So, I disagree that this is just a three-day snafu. It was more of a two-month snafu." Nonetheless, defendants' counsel argued that plaintiffs' action was barred by the statute of limitations under either calculation and that equitable tolling should not apply. The trial court ruled that there was no issue that plaintiffs missed the statute of limitations deadline, but the court entered an order permitting the parties to file supplemental briefing on the issue of equitable tolling.

In their supplemental brief, plaintiffs argued that any failure to comply with the statutory limitations period was "a product of an understandable confusion about implications of the COVID-19 tolling orders enacted by the Governor and the Michigan Supreme Court rather than a negligent failure to preserve their right and they are entitled to equitable tolling." Defendants maintained that plaintiffs had not shown that they were entitled to equitable tolling and that "[p]laintiffs have failed to demonstrate how filing their Complaint on August 21, 2020 would be considered timely under any reasonable interpretation of the various tolling Orders."

The trial court issued a written opinion granting defendants' motion for summary disposition. The trial court reasoned in relevant part that plaintiffs' complaint was untimely even under plaintiffs' interpretation of the COVID-19 executive and administrative orders, that plaintiffs' failure to file their action within the limitations period was not due to "understandable

-3-

confusion or confusion caused by the courts," and that plaintiffs were not entitled to equitable tolling.

Plaintiffs now appeal.

## II. STANDARD OF REVIEW

We review de novo decisions regarding summary disposition motions. Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations. In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court "consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." [*Waltz v Wyse*, 469 Mich 642, 647-648; 677 NW2d 813 (2004) (citations omitted; alteration in original.]

## III. ANALYSIS

The period of limitations for medical malpractice actions is controlled by statute. *Miller v Mercy Mem Hosp Corp*, 466 Mich 196, 199; 644 NW2d 730 (2002). The general limitation period for a malpractice action is two years. MCL 600.5805(8). A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). A medical malpractice action that is not commenced within the statutorily prescribed time limits is "barred." MCL 600.5838a(2). Additionally, MCL 600.2912b(1) provides that "[e]xcept as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." "The statutes of limitations or repose are tolled . . . [a]t the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given." MCL 600.5856(c).

As explained above, both the Governor and Supreme Court issued orders that generally tolled deadlines applicable to commencing civil actions for a period of time during the state of emergency. Plaintiffs on appeal do not claim that this action was actually filed timely under any proposed interpretation of these executive and administrative orders. Plaintiffs concede, as they did in the trial court, that plaintiffs' action was untimely filed under any of the parties' proposed interpretations of these orders and the statutes defining the period of limitations for medical malpractice claims. We therefore express no opinion at this juncture on how the cited executive and administrative orders should be interpreted and we expressly do not decide on what day the limitations period for plaintiffs' action would have expired pursuant to the language contained in these orders. Conceding that the action was untimely filed, plaintiffs argue that equitable tolling should be applied to allow their action to proceed.

In general terms, equitable tolling is "a remedy that permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed," by tolling the statute of limitations. 51 Am Jur 2d, Limitation of Actions, § 155, p 603. "The threshold for consideration of equitable tolling is inequitable circumstances not caused by the plaintiff that *prevent* the plaintiff from timely filing. Equitable tolling is typically available only if the claimant was *prevented* in some extraordinary way from exercising his or her rights." *Id*. at 603-604 (citation omitted; emphasis added). Our Supreme Court has explained this equitable power is typically "reserved for 'unusual circumstances' such as fraud or mutual mistake." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590 & n 65; 702 NW2d 539 (2005) (citations omitted).

In *Bryant v Oakpointe Villa Nursing Ctr*, 471 Mich 411, 432; 684 NW2d 864 (2004), our Supreme Court employed its equitable powers to permit the plaintiffs' medical malpractice claims to proceed although they would have technically been barred by the statutory limitations period. The plaintiff in *Bryant* alleged that the defendant was liable for the death of the plaintiff's aunt, who had been a resident at the defendant's facility. *Id*. at 414-415. The plaintiff's initial complaint framed the action as one of ordinary negligence. *Id*. at 417. When the defendant moved for summary disposition on the ground that the plaintiff's claims actually sounded in medical malpractice, the trial court ruled that the complaint sounded in ordinary negligence and that the case could proceed. *Id*.

The case was subsequently assigned to a different judge following the first judge's recusal. *Id*. The defendant again moved for summary disposition, and the new judge ruled that the plaintiff's "ordinary negligence" count actually sounded in medical malpractice and the otherwise allowable ordinary negligence claims had not been properly pleaded. *Id*. at 418. The judge dismissed the complaint without prejudice. *Id*. The plaintiff appealed and simultaneously began pursuing her case as a medical malpractice action. *Id*. After the case was refiled, the defendant moved for summary disposition based on the alleged expiration of the medical malpractice statute of limitations. *Id*. The judge denied the motion and held that the limitations period had been tolled when the first judge ruled the action sounded in ordinary negligence. *Id*. at 418-419. The defendant appealed this ruling. *Id*. at 419. The appeals were consolidated in the Court of Appeals, which held that the action sounded in ordinary negligence. *Id*.

Although the above factual and procedural background from *Bryant* may at first glance appear irrelevant to the issue presented in the instant case, this background is actually essential to understanding the Supreme Court's reasoning for applying equitable tolling in *Bryant*.[2] When the defendant in *Bryant* appealed to the Supreme Court, the Court analyzed the various claims that plaintiff had alleged and held that the plaintiff had stated both medical malpractice and ordinary negligence claims. *Id*. at 424-432. The Supreme Court recognized that the plaintiff's medical malpractice claims had been filed after the applicable period of limitations had expired and would ordinarily be time-barred, but it held that the "equities" and "procedural features" of the case "compel[led] a different result." *Id*. at 432-433. The Court stated:

---

[2] The *Bryant* Court referenced the concept of equity but did not use the term "equitable tolling." *Bryant*, 471 Mich at 432.

The distinction between actions sounding in medical malpractice and those sounding in ordinary negligence is one that has troubled the bench and bar in Michigan . . . . Plaintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights. Accordingly, for this case and others now pending— that involve similar procedural circumstances, we conclude that plaintiff's medical malpractice claims may proceed to trial along with plaintiff's ordinary negligence claim . . . . However, in future cases of this nature, in which the line between ordinary negligence and medical malpractice is not easily distinguishable, plaintiffs are advised as a matter of prudence to file their claims alternatively in medical malpractice and ordinary negligence within the applicable period of limitations. [*Id.*]

In this case, the precise nature of plaintiffs' appellate argument is somewhat confusing and difficult to discern. Although plaintiffs spend considerable efforts attempting to justify the delays and difficulties they encountered in attempting to secure an expert during the course of the pandemic,[3] we understand the fundamental premise of their argument to be that plaintiffs are entitled to equitable tolling to excuse their admittedly untimely filing because the "Governor's Executive Orders and the Michigan Supreme Court Administrative Orders themselves . . . tolled the statute of limitations in a medical practice claim . . . [and] also created the confusion regarding the time in which a Plaintiffs had to file a claim." Plaintiffs attempt to blame the "confusing tolling orders enacted by the Governor and the Michigan Supreme Court" for their delays and the untimely filing of this action.

In making this argument, plaintiffs attempt to support their assertion that the orders were confusing by arguing that the orders could legitimately be interpreted to provide that plaintiffs were required to file their action by either June 28, 2020, or August 18, 2020. However, plaintiffs filed their action on August 21, 2020. As plaintiffs' counsel admitted in the trial court, he miscalculated the statute of limitations even assuming that his interpretation of the relevant COVID-19 orders was correct. Plaintiffs, although claiming the orders were confusing, have not advanced any argument to explain how this miscalculation could be attributed to any alleged confusion created by the orders or any specific language in the orders. Thus, regardless of the unprecedented circumstances surrounding the global pandemic, this action was untimely filed as the result of a clerical or administrative error involving the miscomputation of time. Plaintiffs have not demonstrated that there was anything about the relevant executive or administrative orders that *prevented* them from timely filing this action.[4] 51 Am Jur 2d, Limitation of Actions, §

---

[3] It does not appear that plaintiffs have provided any evidence to support these claims beyond their own assertions in their trial court briefing.

[4] To the extent plaintiffs claim that it was difficult to procure an expert during the course of the pandemic, we note that plaintiffs' counsel admitted in his trial court briefing that he thought the limitations period expired on August 24, 2020, and thus, implicitly, that he had secured an expert in time. This demonstrates that the difficulty in locating an expert during the pandemic—in addition to being unrelated to the executive and administrative orders—was not a reason the action

155, pp 603-604. Although the pandemic has undoubtedly been "unusual" to say the least, it was not a circumstance unique to plaintiffs or their counsel and plaintiffs have not established that it was the type of unusual circumstance that our Supreme Court has stated might justify the application of equitable tolling. *Devillers*, 473 Mich at 590 & n 65. Finally, despite the apparent confusion of plaintiffs' counsel, there is no evidence that the confusion was created by the courts such as existed in *Bryant*. See *Bryant*, 471 Mich at 417-419, 432-433; see also *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 406; 738 NW2d 664 (2007) ("[O]ur use of equity in *Bryant* is limited to those circumstances when the courts themselves have created confusion.").

Because plaintiffs have not shown that they were entitled to equitable tolling in this case or that the trial court erred by granting defendants' motion for summary disposition, we affirm.[5]

Affirmed. Defendants having prevailed are entitled to costs. MCR 7.219.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

was untimely filed and that the missed deadline was instead due to counsel's miscalculation of the relevant date.

[5] We are aware of our Supreme Court's decisions in *In re Certified Questions*, 506 Mich 332; 958 NW2d 1 (2020), and *House of Representatives v Governor*, 506 Mich 934; 949 NW2d 276 (2020), that addressed the Governor's authority regarding various executive orders issued during the pandemic. We note that neither of the parties have mentioned these cases. However, we need not address any potential effect of these decisions on the issue currently before us because plaintiffs have not demonstrated that the orders that had been entered before they filed their complaint in this action had any effect on preventing them from timely filing their action and plaintiffs have not demonstrated that the untimely filing was the result of anything other than counsel's miscalculation of the limitations period.